UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NELSON CASTILLO, MARTA VALLADARES, ARACELY VALLADARES, CARLOS REYES, and YOSELY ESPINAL HENRIQUEZ, individually and on behalf of all others similarly situated,

          Plaintiffs,

- *against* -

PERFUME WORLDWIDE INC. and PIYUSH GOLIA,

          Defendants.

17-CV-02972 (JS)(AKT)

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND FOR COURT FACILITATION OF NOTICE PURSUANT TO 29 U.S.C. § 216**

Steven John Moser (SM1133)
MOSER EMPLOYMENT LAW FIRM, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
(516) 882-5420 (fax)
smoser@moseremploymentlaw.com
*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................. 1

**FACTS** ........................................................................................................................................... 2

**LEGAL ARGUMENT** ................................................................................................................. 7

    1.   STANDARD ................................................................................................................ 7

    2.   THE DEFENDANTS' BREAK-DEDUCTION POLICY VIOLATED THE LAW ......... 8

    3.   THE PLAINTIFFS AND THE COVERED EMPLOYEES WERE SIMILARLY SITUATED IN THAT THEY WERE THE VICTIMS OF THE UNIFORM UNLAWFUL BREAK-DEDUCTION POLICY .................................................................................. 9

    4.   COURT APPROVED CONDITIONAL COLLECTIVE CERTIFICATION AND NOTICE TO ALL POTENTIAL OPT-IN PLAINTIFFS UNDER 29 U.S.C. § 216 IS APPROPRIATE. ............................................................................................................. 9

    5.   DISCOVERY OF NAMES, ADDRESSES, TELEPHONE NUMBERS, DATES OF BIRTH, WORK LOCATIONS AND DATES OF EMPLOYMENT IS PROPER AND NECESSARY. .............................................................................................................. 10

    6.   THE PROPOSED NOTICE IS FAIR AND ACCURATE. ............................................. 11

    7.   IT IS PROPER TO GIVE NOTICE TO HOURLY WORKERS WHO WERE EMPLOYED AT ANY TIME DURING THE THREE YEAR PERIOD PRECEDING THE FILING OF THE COMPLAINT AND UP TO THE PRESENT TIME. ................. 11

    8.   POSTING OF NOTICES AT THE DEFEDNANTS' FACILITIES IS APPROPRIATE 12

    9.   THE OPT-IN FORMS SHOULD BE MAILED TO PLAINTIFFS' COUNSEL ............ 13

**CONCLUSION** ............................................................................................................................ 14

## Table of Authorities

**Supreme Court Opinions**

*Holland v. Illinois*, 493 U.S. 474, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1990) .............................. 10

**Second Circuit Opinions**

*Anjum v. J.C. Penney Co.*, No. 13 CV 460 (RJD) (RER), 2015 U.S. Dist. LEXIS 73820 (E.D.N.Y. June 5, 2015) .................................................................................................... 14

*Avila v. Northport Car Wash, Inc.*, 774 F. Supp. 2d 450 (E.D.N.Y. 2011) ................................... 7

*Bittencourt v. Ferrara Bakery & Café, Inc.*, 310 F.R.D. 106 (S.D.N.Y. 2015) .......................... 12

*Callari v. Blackman Plumbing Supply, Inc.*, No. CV 11-3655 (ADS) (AKT), 2016 U.S. Dist. LEXIS 43780 (E.D.N.Y. Mar. 31, 2016) ............................................................................. 7

*Chen v. Oceanica Chinese Rest., Inc.*, No. CV 13-4623 (FB) (VVP), 2014 U.S. Dist. LEXIS 46007, 2014 WL 1338315 (E.D.N.Y. Feb. 27, 2014) ......................................................... 13

*Cohan v. Columbia Sussex Mgmt., L.L.C.*, No. CV 12-3203 (JS)(AKT), 2013 U.S. Dist. LEXIS 187539 (E.D.N.Y. Sept. 19, 2013) ........................................................................ 7, 12

*Cruz v. Lyn-Rog Inc.*, 754 F. Supp. 2d 521 (E.D.N.Y. 2010) ........................................................ 7

*Dilonez v. Fox Linen Serv.*, 35 F. Supp. 3d 247 (E.D.N.Y. 2014) ............................................... 14

*Espinoza v. 953 Assocs. L.L.C.*, 280 F.R.D. 113 (S.D.N.Y. 2011) ................................................ 8

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101 (S.D.N.Y. 2003) ................. 10

*Guzelgurgenli*, 883 F. Supp. 2d 340 (E.D.N.Y. 2012) ................................................................ 12

*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y. 2013) ................................................. 12

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) .................................................... 12

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) .......................... 10, 11

*Malloy v. Richard Fleischman & Assocs.*, No. 09 Civ. 322 (CM), 2009 U.S. Dist. LEXIS 51790, 2009 WL 1585979 (S.D.N.Y. June 3, 2009) .................................................................. 13

*Martin v. Waldbaum, Inc.*, No. CV 86-0861 (DRH), 1992 U.S. Dist. LEXIS 16007 (E.D.N.Y. Oct. 14, 1992) ................................................................................................................ 8-9

*Melgadejo v. S & D Fruits & Vegetables Inc.*, No. 12 Civ. 6852 (RA)(HBP), 2015 U.S. Dist. LEXIS 145484 (S.D.N.Y. Oct. 23, 2015) ............................................................................ 8

*Melgadejo v. S&D Fruits & Vegetables Inc.*, No. 12 Civ. 6852 (RA)(HBP), 2013 U.S. Dist. LEXIS 159932 (S.D.N.Y. Nov. 7, 2013) ........................................................................... 11

*Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011) ................................................ 7

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d. Cir. 2010) ..................................................................... 9

*Perez v. Allstate Ins. Co.*, No 11-CV-1812 (JFB)(AKT), 2014 U.S. Dist. LEXIS 130214, 2014 WL 4635745 (E.D.N.Y. Sept. 16, 2014) .......................................................................... 11

*Pineda v. Jim-Mar Consultants, Inc.*, 741 F. Supp. 2d 398 (E.D.N.Y. 2010) ............................... 7

*Robles v. Liberty Rest. Supply*, No. 12-CV-5021 (FB) (VMS), 2013 U.S. Dist. LEXIS 177922 (E.D.N.Y. Dec. 18, 2013) .................................................................................................. 12

*Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114 (E.D.N.Y. 2011) .............................. 7

*Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508 (E.D.N.Y. 2011) ........  11, 12-13

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, No. 12 Civ. 594 (AT), 2014 U.S. Dist. LEXIS 3454, 2014 WL 123305 (S.D.N.Y. Jan. 8, 2014) ....................................................................... 13

*Sexton v. Franklin First Fin., Ltd.*, No. No 08-CV-04950 (JFB) (ARL), 2009 U.S. Dist. LEXIS 50526 (E.D.N.Y. June 16, 2009) ................................................................................................ 12

*Shajan v. Barolo*, No. 10 Civ. 1385 (CM), 2010 U.S. Dist. LEXIS 54581, 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ............................................................................................................. 11

*Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443 (E.D.N.Y. 2014) ..................................................... 7

*Sherrill v. Sutherland Glob. Servs.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) ............................... 13

*Summa v. Hofstra Univ.,* 715 F. Supp. 2d 378 (E.D.N.Y. 2010) .................................................. 12

*Tanski v. Avalonbay Cmtys., Inc.*, No. CV 15-6260 (AKT), 2017 U.S. Dist. LEXIS 112506 (E.D.N.Y. Mar. 31, 2017) ............................................................................................................ 7

*Thompson v. World All. Fin. Corp*, No. CV 08-4951 (AKT), 2010 U.S. Dist. LEXIS 85912 (E.D.N.Y. Aug. 20, 2010) ............................................................................................................ 7

*Valerio v. RNC Indus., L.L.C.*, 314 F.R.D. 61 (E.D.N.Y. 2016) ................................................... 7

*Vasquez v. Vitamin Shoppe Indus.*, No. 10 Civ. 8820 (LTS)(THK), 2011 U.S. Dist. LEXIS 74376 (S.D.N.Y. July 11, 2011) ................................................................................................. 10

*Vaughan v. Mortg. Source L.L.C.*, No. CV 08-4737 (LDW) (AKT), 2010 U.S. Dist. LEXIS 36615 (E.D.N.Y. Apr. 14, 2010) ................................................................................................. 7

*Velasquez v. Dig. Page, Inc.*, No. CV 11-3892 (LDW) (AKT), 2014 U.S. Dist. LEXIS 68538 (E.D.N.Y. May 19, 2014) ............................................................................................................ 7

*Viriri v. White Plains Hosp. Med. Ctr.*, No. 16-CV-2348 (KMK), 2017 U.S. Dist. LEXIS 88226 (S.D.N.Y. June 8, 2017) ............................................................................................................. 14

*Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 U.S. Dist. LEXIS 62653 (S.D.N.Y. June 22, 2010) ............................................................................................................................. 8

*Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310 (E.D.N.Y. 2016) ....................................... 12

## Federal Court Opinions

*Casino*, 664 F. Supp. 899 (D.N.J. 1986) ....................................................................................... 9

*Dole v. Haulaway, Inc.*, 723 F. Supp. 274 (D.N.J. 1989) ............................................................. 9

## United States Code

29 U.S.C.S. § 207(a)(1) .................................................................................................................. 1

29 U.S.C. § 216 ........................................................................................................................... 1, 9

## PRELIMINARY STATEMENT

Plaintiffs bring this action under 29 U.S.C. § 216 for FLSA overtime violations (29 U.S.C.S. § 207(a)(1)), as well as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for various violations of the NYLL.[1]  The Complaint was filed on May 16, 2017. (ECF No. 1).  Defendants denied all material allegations in their Answer which was filed on July 14, 2017. (ECF No. 8).

The subject of this motion is preliminary certification of FLSA claims *only*.  Plaintiffs will separately move for class certification of NYLL claims under Rule 23 after discovery regarding the elements of a Rule 23 Class.

The Plaintiffs submit the following in support of their motion for conditional certification (1) the complaint[2], (2) declaration of Aracely Valladares, (3) declaration of Yosely Espinal Henriquez , (4) declaration of Carlos Reyes and (5) declaration of Marta Valladares.

The Plaintiffs ask for:

(1) Conditional certification of this action as a representative collective action pursuant to the FLSA , 29 U.S.C. § 216, on behalf of all current and former hourly employees of Perfume Worldwide, Inc. who have been employed at any time during the three (3) year period immediately preceding the filing of the complaint through to the present time[3] (the "Covered Employees");

(2) Production of the Covered Employees in a computer readable data file containing their names, last known mailing addresses, telephone numbers and dates of employment within ten (10) business days of this Court's order (the "Opt-In List");

(3) Approval of the proposed FLSA notice of this action and the consent form annexed to the Notice of Motion as Exhibit 1, and permission to provide notice by regular mail to the Covered Employees in English and Spanish;

(4) Directing Plaintiffs' counsel to mail said notice to each opt-in class member within ten (10) business days of receipt of the Opt-In List;

---

[1] The New York Labor Law claims include unpaid overtime (12 NYCRR § 142-2.2), unpaid straight wages (NYLL § 191), and spread of hours pay (12 NYCRR § 142-2.4).
[2] The complaint is annexed to the Declaration of Steven Moser as Exhibit 1.
[3] From May 16, 2014 to the present.

1

(5) Setting a period of Sixty (60) days following the date on which the Notice is mailed for Covered Employees to mail completed consent forms to Plaintiffs' Counsel (the "Opt-In Period");

(6) Directing the defendants to post multiple copies of the Notice, along with the consent forms, immediately adjacent to each punch clock/biometric time clock used by Covered Employees who are presently employed for the entire duration of the opt-in period; and

(7) Directing the Defendants to file an affidavit of compliance with the posting requirements within ten (10) days of the close of the opt-in period.

## FACTS

The Defendant Perfume Worldwide, Inc. is an online retailer of discount fragrances, hair and skin care products, cosmetics, candles and accessories.[4] Perfume Worldwide presently operates a 220,000-square-foot facility at 2020 Ocean Avenue, Ronkonkoma, New York 11779.[5]

The Covered Employees were all subject to the following uniform company-wide policy: Twenty minutes was deducted from their pay each day for a 20 minute morning break.[6]

### *Aracely Valladares*

Aracely Valladares was employed as a warehouse worker by the Defendants from June 2015 to January 2016. (Compl. ¶ 74; A. Valladares Decl. ¶ 3).

She initially worked at a facility operated by Perfume Worldwide Inc. located at 109 Lafayette Drive, Syosset, New York 11791. (A. Valladares Decl. ¶ 4). In her estimation, the Syosset facility had at least 100 employees. (A. Valladares Decl. ¶ 4). She later worked at a Perfume Worldwide facility located at 2020 Ocean Avenue, Ronkonkoma, New York 11779. (Compl. ¶ 75, A. Valladares Decl. ¶ 5). The Ronkonkoma facility had approximately 200 employees. (A. Valladares Decl. ¶ 5).

---

[4] www.perfumeworldwide.com (last visited 4/29/17).
[5] Victor Ocasio, *Green Headquarters,* NEWSDAY, Sept. 20, 2015, http://www.newsday.com/business/perfume-center-of-america-to-move-into-new-green-headquarters-1.10861.
[6] Compl. ¶ 48-51.

Aracely Valladares was required to take a 20-minute uncompensated break each morning from 10:40 a.m. to 11:00 a.m. (Compl. ¶ 76; A. Valladares Decl. ¶ 10). During her entire employment with Perfume Worldwide, she observed office and warehouse workers taking a 20 minute morning break and a 40 minute lunch. (A. Valladares Decl. ¶ 9).

When she received her first paycheck she noticed that her hours were short. She spoke to her co-workers, who told her that Perfume Worldwide was deducting not only the 40 minute lunch, but the 20 minute morning break as well. (A. Valladares Decl. ¶ 11). She then confronted Osman Chavez, the warehouse manager. (A. Valladares Decl. ¶ 13). She describes the conversation as follows:

> I told Osman that it's not right to deduct the morning break. He responded "It's always been that way." I told him that the purpose of the department of labor was to prevent employers from doing things like this. He told me "You can go anywhere and they will not listen to you." I told him that workers could sign a petition to the department of labor. He responded "You will not find anyone here interested in signing your paper." I was angry and told him that the only reason why Perfume Worldwide was not paying for the morning break was because it had never been sued. He responded that the owners have been sued several times, and that the owners "laugh" at these lawsuits because the lawsuits accomplish nothing.

(A. Valladares Decl. ¶ 14).

Ms. Valladares has spoken personally with other employees of Perfume Worldwide who confirmed that Perfume Worldwide does not compensate employees for the 20 minute morning break. These employees include Tony Lemus (a manager), Osman Chávez (the warehouse manager), Fernando Alejandro Cruz, Griselda Reyes, Cristino Gáleas, Maria de la Paz Rivas, José Maldonado, Oscar Palma, Alex Reyes and Mauricio Hernández. (A. Valladares Decl. ¶ 16).

### *Yosely Henriquez*

Yosely Espinal Henriquez was employed by the Defendants from July 2015 to December 2015. (Compl. ¶ 95; Henriquez Decl. ¶ 3). She worked at a facility operated by Perfume

3

Worldwide Inc. at 109 Lafayette Drive, Syosset New York 11791. This facility had at least 80 employees. (Henriquez Decl. ¶ 4). Eventually, the Syosset location was closed and replaced by a warehouse built by Perfume Worldwide, Inc. in Ronkonkoma, New York. (Henriquez Decl. ¶ 5). She left while Perfume Worldwide was in the process of moving to the Ronkonkoma facility. (Henriquez Decl. ¶ 5).

From July 2015 to August 2015, she was a warehouse worker. (Henriquez Decl. ¶ 6). From August 2015 to December 2015, she worked as an office employee in customer service. She was responsible for taking customer orders via telephone and processing transactions. (Henriquez Decl. ¶ 7).

Each day all warehouse and office employees had a morning break of 20 minutes and a 40 minute meal period. (Henriquez Decl. ¶ 8). When she received her first paycheck she saw that she was not being paid for the morning break. This remained the same for the entire time that she worked for Perfume Worldwide. (Henriquez Decl. ¶ 10).

At the Syosset facility, the break was announced over the Public Announcement system. She sat one person away from Dagoberto, the person who made the announcements. He used his telephone, which was connected to the PA system, to announce the break at 10:40 a.m. (Henriquez Decl. ¶ 11).

Ms. Henriquez was present when Aracely Valladares confronted the warehouse manager, Osman Chavez. When Aracely Valladares told Osman Chavez that it was not right to deduct the morning break from workers' pay, the warehouse manager responded "it's always been like that." (Henriquez Decl. ¶ 16).

4

### *Carlos Reyes*

Plaintiff Carlos Reyes was employed by the Defendants from August 2012 to March 2016. (Compl. ¶ 84; Reyes Decl. ¶ 3). He initially worked at a facility operated by Perfume Worldwide Inc. located at 100 Commercial Street, Plainview, New York 11803. (Reyes Decl. ¶ 4). At least 100 employees worked at the Plainview facility. (Reyes Decl. ¶ 5). All workers were later transferred to a Perfume Worldwide Inc. facility at 109 Lafayette Drive, Syosset New York 11791. (Reyes Decl. ¶ 6). The Syosset facility had at least 100 employees. (Reyes Decl. ¶ 7). All employees were again relocated to a facility operated by Perfume Worldwide Inc. at 2020 Ocean Avenue, Ronkonkoma, New York 11779. (Reyes Decl. ¶ 8). The Ronkonkoma facility had approximately 150 to 200 employees. (Reyes Decl. ¶ 9).

All hourly employees, including warehouse and office workers, took a 20 minute morning break and a 40 minute lunch, during his entire employment with Perfume Worldwide. (Reyes Decl. ¶ 13).

When he received his first check, he saw that Perfume Worldwide was deducting an hour each day from my pay. (Reyes Decl. ¶ 14). He did not know at the time that the employer was required to pay me for break time. (Reyes Decl. ¶ 15).

### *Nelson Castillo*

Nelson Castillo was employed as a warehouse worker by the Defendants from November 2013 until April 2017. (Compl. ¶ 55). Nelson Castillo took a break each morning from 10:40 a.m. to 11:00 a.m. (Compl. ¶ 57). Nelson Castillo was not paid for the 20 minute morning break. (Compl. ¶ 58).

*Marta Valladares*

Marta Valladares was employed as a warehouse worker by the Defendants from August 2014 to February 2016. (Compl. ¶ 65; M. Valladares Decl. ¶ 3).

She began working for Perfume Worldwide at a warehouse located at 100 Commercial Street, Plainview, New York 11803. Perfume Worldwide later moved to a location in Syosset, New York, and finally moved to a warehouse that it built at 2020 Ocean Avenue, Ronkonkoma, New York. (M. Valladares Decl. ¶ 5). There were at least 70 employees at the Plainview facility, 100 employees at the Syosset facility, and 150 employees at the Ronkonkoma facility. (M. Valladares Decl. ¶ 6).

During her entire employment there was a break from 10:40 a.m. to 11:00 a.m. and a 40 minute lunch. (M. Valladares Decl. ¶ 7; Compl. ¶ 67).

The beginning and ending of the break were signaled by a bell in the Plainview facility, a verbal announcement in the Syosset facility, and an electronic bell in the Ronkonkoma facility. (M. Valladares Decl. ¶ 8).

After her first week she noticed that Perfume Worldwide was deducting a full hour each day from my pay. (M. Valladares Decl. ¶ 10).

She travelled to work in the same car with Osman, the warehouse manager. (M. Valladares Decl. ¶ 9). She asked Osman why Perfume Worldwide was deducting the morning break. He told her that the workers had said that 15 minutes was not enough for the morning break, so Piyush Golia (the owner) decided to give all employees a 20 minute morning break and a 40 minute meal period, but the entire hour would be deducted. (M. Valladares Decl. ¶ 11). When she told Osman that she thought it was illegal to not pay for the break, he responded "it is what it is." (M. Valladares Decl. ¶ 12).

**LEGAL ARGUMENT**

**1. STANDARD**

The Court has described the FLSA "two-step" certification process in numerous decisions.[7]

> Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective action. First, the court determines whether the proposed class members are similarly situated. If the court decides in the affirmative, then the proposed class members must consent in writing to be bound by the result of the suit, or opt-in. The second step, which typically occurs after the completion of discovery, requires the court to make factual findings whether the class members are actually similarly situated. At that juncture, the court examines the evidentiary record to determine whether the opt-in plaintiffs are, in fact, similarly situated to the named plaintiff.

*Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 316-17 (E.D.N.Y. 2016) (internal quotation marks and citations omitted).

Plaintiffs move for first-step certification in which the court determines whether to send notice to potential opt-in plaintiffs.

> At this stage, the evidentiary standard is lenient, and plaintiffs need only make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. In making this showing, nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan is required.

---

[7] *See, e.g., Tanski v. Avalonbay Cmtys., Inc.,* No. CV 15-6260 (AKT), 2017 U.S. Dist. LEXIS 112506 (E.D.N.Y. Mar. 31, 2017); *Zaldivar v. JMJ Caterers, Inc.,* 166 F. Supp. 3d 310 (E.D.N.Y. 2016); *Valerio v. RNC Indus., L.L.C.*, 314 F.R.D. 61 (E.D.N.Y. 2016); *Callari v. Blackman Plumbing Supply, Inc.*, No. CV 11-3655 (ADS) (AKT), 2016 U.S. Dist. LEXIS 43780 (E.D.N.Y. Mar. 31, 2016); *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443 (E.D.N.Y. 2014); *Velasquez v. Dig. Page, Inc.*, No. CV 11-3892 (LDW) (AKT), 2014 U.S. Dist. LEXIS 68538 (E.D.N.Y. May 19, 2014); *Cohan v. Columbia Sussex Mgmt., L.L.C.*, No. CV 12-3203 (JS)(AKT), 2013 U.S. Dist. LEXIS 187539 (E.D.N.Y. Sept. 19, 2013); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114 (E.D.N.Y. 2011); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011); *Avila v. Northport Car Wash, Inc.*, 774 F. Supp. 2d 450 (E.D.N.Y. 2011); *Cruz v. Lyn-Rog Inc.*, 754 F. Supp. 2d 521 (E.D.N.Y. 2010); *Pineda v. Jim-Mar Consultants, Inc.*, 741 F. Supp. 2d 398 (E.D.N.Y. 2010); *Thompson v. World All. Fin. Corp*, No. CV 08-4951 (AKT), 2010 U.S. Dist. LEXIS 85912 (E.D.N.Y. Aug. 20, 2010); *Vaughan v. Mortg. Source L.L.C.*, No. CV 08-4737 (LDW) (AKT), 2010 U.S. Dist. LEXIS 36615 (E.D.N.Y. Apr. 14, 2010).

*Id.* (internal quotation marks and citations omitted).

The Second Circuit has stressed that the burden at the first-step (or "notice") stage of an FLSA case "should remain a low standard of proof because the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist. At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d. Cir. 2010).

**2.   THE DEFENDANTS' BREAK-DEDUCTION POLICY VIOLATED THE LAW**

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked.

29 C.F.R. § 785.18; *see also Melgadejo v. S & D Fruits & Vegetables Inc., No. 12* Civ. 6852 (RA)(HBP), 2015 U.S. Dist. LEXIS 145484, at *23 n.7 (S.D.N.Y. Oct. 23, 2015); *Espinoza v. 953 Assocs. L.L.C.*, 280 F.R.D. 113, 121 n.34 (S.D.N.Y. 2011); *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 U.S. Dist. LEXIS 62653, at *7 (S.D.N.Y. June 22, 2010)

As a matter of law, breaks of up to twenty minutes are compensable. *Martin v. Waldbaum, Inc.*, No. CV 86-0861 (DRH), 1992 U.S. Dist. LEXIS 16007, at *6 (E.D.N.Y. Oct. 14, 1992) (Hurley, J.) (citing *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1115 n.1 (4th Cir. 1985) (noting that "to qualify as a bona fide noncompensable break, the respite must be uninterrupted and at least thirty minutes in duration, and the employee must be completely relieved from duty")); *Dole v. Haulaway, Inc.*, 723 F. Supp. 274, 285 (D.N.J. 1989), *aff'd*, 914 F.2d 242 (3d Cir. 1990), *cert. denied*, 113 L. Ed. 2d 445, 111 S. Ct. 1388 (1991); *Brock v. Claridge Hotel & Casino*, 664 F. Supp. 899, 906-08 (D.N.J. 1986), *aff'd*, 846 F.2d 180 (3d Cir.), *cert. denied*, 488 U.S. 925, 102 L. Ed. 2d 326, 109 S. Ct. 307 (1988)).

3. **THE PLAINTIFFS AND THE COVERED EMPLOYEES WERE SIMILARLY SITUATED IN THAT THEY WERE THE VICTIMS OF THE UNIFORM UNLAWFUL BREAK-DEDUCTION POLICY**

The Plaintiffs motion for conditional collective certification and court-facilitated notice should be granted because Plaintiffs have made more than a modest factual showing that the Plaintiffs and their co-workers are similarly situated. *See* FLSA, 29 U.S.C. § 216(b).

The Plaintiffs have shown through the complaint and their declarations that Plaintiffs and the Covered Employees were subject to the Defendant's unlawful break-deduction practice and are thus similarly situated. The Plaintiffs and the Covered Employees all took a 20 minute morning break. They were not paid for this break. Thus, the Plaintiffs and Covered Employees "together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)(citing *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

4. **COURT APPROVED CONDITIONAL COLLECTIVE CERTIFICATION AND NOTICE TO ALL POTENTIAL OPT-IN PLAINTIFFS UNDER 29 U.S.C. § 216 IS APPROPRIATE**.

In 1989, The Supreme Court found, "[t]he judicial system benefits from resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Holland v. Illinois*, 493 U.S. 474, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1990). The Supreme Court noted that the benefits derived by the judicial system are dependent on "employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decision about whether to participate." *Id. .* Providing notice of the suit furthers the objectives of the collective action provisions of the FLSA by "avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Id.* at 172, 110 S. Ct. 482, 107 L. Ed. 2d 480.

Unlike a Rule 23 "opt-out" option, which tolls the statute of limitation for all putative class members, the statute of limitations is not tolled for "opt-in" plaintiffs until they file a consent to join. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007). "Thus, every day that passes is a day of damages each potential opt-in plaintiff will be unable to recover. Court-facilitated notice will prevent the continued erosion of these claims." *Id* at 371.

Although the FLSA does not provide for the mechanism by which employees become aware of the pending litigation or participate therein by filing consents, it is well settled that district courts have the authority to order that notice be given to other potential members of the Plaintiffs' Conditional Collective. *Vasquez v. Vitamin Shoppe Indus.*, No. 10 Civ. 8820 (LTS)(THK), 2011 U.S. Dist. LEXIS 74376, at *4 (S.D.N.Y. July 11, 2011)(citing *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003).

**5. DISCOVERY OF NAMES, ADDRESSES, TELEPHONE NUMBERS, DATES OF BIRTH, WORK LOCATIONS AND DATES OF EMPLOYMENT IS PROPER AND NECESSARY.**

It is appropriate in this case for the court to order the defendants to produce a list, in electronic and importable format, of all persons in the Opt-In Class, including the individuals' name, address, telephone number, date of birth, work locations and dates of employment. *See Shajan v. Barolo*, No. 10 Civ. 1385 (CM), 2010 U.S. Dist. LEXIS 54581, 2010 WL 2218095 (S.D.N.Y. June 2, 2010) (ordering defendant to provide a computer-readable list containing the names of all potential opt-in plaintiffs, together with last known address, alternate address (if any), all known telephone numbers, Social Security number, and dates of employment); *Lynch*, 491 F. Supp. 2d at 371-72 (ordering defendant to produce a list, in electronic and importable format, of names, addresses, telephone numbers, date of births, and last four digits of Social Security Number for all potential opt-in plaintiffs); *Rosario v. Valentine Ave. Disc. Store, Co.*,

10

828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011) (ordering disclosure of potential opt-in plaintiffs' names, last known addresses, telephone numbers, and dates of employment); *Melgadejo v. S&D Fruits & Vegetables Inc., No. 12* Civ. 6852 (RA)(HBP), 2013 U.S. Dist. LEXIS 159932, at *20, *2013 (S.D.N.Y. Nov. 7, 2013) WL5951189 (S.D.N.Y. Nov 7, 2013)(ordering the names of potential class members, last known mailing addresses, alternate addresses, all telephone numbers, email addresses and dates of employment).

6. **THE PROPOSED NOTICE IS FAIR AND ACCURATE.**

Attached as Exhibit 1 to the Notice of Motion is Plaintiffs' proposed notice, in English and Spanish, with a consent to join form. The form of the notice mirrors the notices approved by other Courts, and is similar to the notice approved by the Court in *Perez v. Allstate Ins. Co.*, No. 11-CV-1812 (JFB)(AKT), 2014 U.S. Dist. LEXIS 130214, 2014 WL 4635745 (E.D.N.Y. Sept. 16, 2014). The notice also mirrors the Federal Judicial Center's illustrative class action notice. (available at https://www.fjc.gov/content/301253/illustrative-forms-class-action-notices-introduction). The proposed notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action, and should be adopted.

7. **IT IS PROPER TO GIVE NOTICE TO HOURLY WORKERS WHO WERE EMPLOYED AT ANY TIME DURING THE THREE YEAR PERIOD PRECEDING THE FILING OF THE COMPLAINT AND UP TO THE PRESENT TIME.**

Courts within the Second Circuit routinely permit notice to be given to employees who have worked for the defendant for the three years preceding the filing of the complaint and up to the date of the notice. *See, e.g., Cohan v. Columbia Sussex Mgmt., L.L.C.,* No. CV 12-3203 (JS)(AKT), 2013 U.S. Dist. LEXIS 187539, at *26 (E.D.N.Y. Sept. 19, 2013) (Tomlinson, M.J.); *Robles v. Liberty Rest. Supply*, No. 12-CV-5021 (FB) (VMS), 2013 U.S. Dist. LEXIS 177922, at *28 (E.D.N.Y. Dec. 18, 2013) (Scanlon, M.J.); *Guzelgurgenli v. Prime Time Specials, Inc.*, 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) (Spatt, J.); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378,

11

380 (E.D.N.Y. 2010) (Hurley, J.); *Sexton v. Franklin First Fin., Ltd.*, No. No 08-CV-04950 (JFB) (ARL), 2009 U.S. Dist. LEXIS 50526, at *33 (E.D.N.Y. June 16, 2009) (Bianco, J.); *Hoffmann*, 982 F. Supp. at 264 (Sotomayor, J.). "The remedial purposes of the FLSA are best served" by using the three year period prior to the filing of the complaint. *Zaldivar*, 166 F. Supp. 3d at 325.

The basis for permitting notice to be keyed to the three-year period prior to the filing of the complaint is that "challenges to the timeliness of individual plaintiff's actions will be entertained at a later date." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (quoting *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012)). Therefore, "it is appropriate to calculate the three-year period for notice from the filing of the complaint." *Bittencourt v. Ferrara Bakery & Café, Inc., 31*0 F.R.D. 106, 116-17 (S.D.N.Y. 2015).

## 8. POSTING OF NOTICES AT THE DEFEDNANTS' FACILITIES IS APPROPRIATE

"Courts routinely approve requests to post notice on employee bulletin boards and in common areas, even where potential members will also be notified by mail." *See, e.g.,* R*osario*, 828 F. Supp. 2d at 521 (quoting W*hitehorn v. Wolfgang's Steakhouse, Inc.,* 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011)) (citations omitted); *Malloy v. Richard Fleischman & Assocs., No*. 09 Civ. 322 (CM), 2009 U.S. Dist. LEXIS 51790, 2009 WL 1585979 (S.D.N.Y. June 3, 2009) (ordering that in addition to notice by mail, "notice shall be posted in each workplace where potential collective action members are employed"); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 130, No. 12 Civ. 594 (AT), 2014 U.S. Dist. LEXIS 3454, 2014 WL 123305 (S.D.N.Y. Jan. 8, 2014) (granting Plaintiffs' request that notice be posted in a "conspicuous place where putative plaintiffs are likely to see it"); *Chen v. Oceanica Chinese Rest., Inc.*, No. CV 13-4623 (FB) (VVP), 2014 U.S. Dist. LEXIS 46007, at *30, 2014 WL 1338315 (E.D.N.Y. Feb. 27, 2014) (finding "posting of the notice of pendency and consent forms will help ensure that putative

plaintiffs are informed of the litigation"); *Sherrill v. Sutherland Glob. Servs.*, 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007) (requiring the posting of "continuous notice of [the] action and opt-in forms in a conspicuous location").

### 9. THE OPT-IN FORMS SHOULD BE MAILED TO PLAINTIFFS' COUNSEL

Plaintiffs' counsel is aware that this Court has, in the past, modified proposed notices to require opt-in forms to be mailed directly to the court, rather than to plaintiffs' counsel. However, there are reasons why in this case the detriment to the collective would outweigh the benefits of returning the opt-in forms to the court.

First requiring the opt-in plaintiffs to mail the form to the Court may have a chilling effect on participation. Immigrant workers would be understandably hesitant to send their name, address and telephone number to the U.S. Government. The opt-in forms contain names, addresses, and telephone numbers. The Plaintiff class consists of immigrant workers who are unfamiliar with the legal system. In the experience of plaintiffs' counsel, these workers generally do not distinguish between between federal law enforcement agencies and the U.S. Courts.

Second, because the opt-in forms contain names, addresses, and telephone numbers, they should be redacted before filing. The burden of and responsibility to redact will be borne by either plaintiffs' counsel or the Clerk's office. "[I]n light of the budgetary constraints and financial limitations faced by the federal courts, the more practicable and efficient method of opting in is for the consent forms to be sent to plaintiffs' counsel." *Dilonez v. Fox Linen Serv.*, 35 F. Supp. 3d 247, 258 (E.D.N.Y. 2014); *Anjum v. J.C. Penney Co.*, No. 13 CV 460 (RJD) (RER), 2015 U.S. Dist. LEXIS 73820, at *39 (E.D.N.Y. June 5, 2015) (same); *Anjum v. J.C. Penney Co.*, No. 13 CV 460 (RJD) (RER), 2015 U.S. Dist. LEXIS 73820, at *39 (E.D.N.Y. June 5, 2015) (same).

Mailing the consent forms to plaintiffs' counsel is not without legal support. Although "some courts have modified proposed FLSA notices [to require the mailing of opt-in forms to the court], the 'majority of courts' have directed opt-in plaintiffs to mail consent forms to the plaintiffs' counsel, *see Martin v. Sprint/United Mgmt. Co.*, 2016 U.S. Dist. LEXIS 352, 2016 WL 30334, at *18 (2016) (collecting cases)." *Viriri v. White Plains Hosp. Med. Ctr.*, No. 16-CV-2348 (KMK), 2017 U.S. Dist. LEXIS 88226, at *34 (S.D.N.Y. June 8, 2017).

Any potential delay in filing will also be negligible, as plaintiffs' counsel usually files the consent forms within 24 hours of receipt.

## CONCLUSION

Plaintiff respectfully requests that the Court grant this motion, thereby conditionally certifying this case as a FLSA conditional collective action under 29 U.S.C. §216(b) and authorizing dissemination of notice to all Opt-In Class members.

Dated: August 5, 2017
      Glen Cove, New York

                                  Respectfully Submitted,

                                  MOSER EMPLOYMENT LAW FIRM, P.C.

                                  _____
                                  By: Steven J. Moser (SM 1133)
                                  Three School Street, Suite 207B
                                  Glen Cove, New York 11542
                                  (516) 671-1150
                                  (516) 882-5420 (fax)