UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NELSON CASTILLO, MARTA VALLADARES,
ARACELY VALLADARES, CARLOS REYES, and
YOSELY ESPINAL HENRIQUEZ, individually and
on behalf of all others similarly situated,

            17-CV-02972 (JS)(AKT)

   Plaintiffs,

      *- against -*

PERFUME WORLDWIDE INC. and PIYUSH
GOLIA,

         Defendants.

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CONDITIONAL CERTIFICATION OF FLSA CLAIMS**

On July 24, 2017, Plaintiffs asked whether the Defendants would stipulate to conditional certification of the FLSA claims.[1]  As of August 5, 2017, no response was received and Plaintiffs filed the motion for conditional certification.[2]  *See* Doc. Nos. 11-13.  At the initial conference, Defendants indicated that they would not stipulate to toll the statute of limitations in exchange for an adjournment of the motion until after mediation.  On September 8, 2017 Defendants requested more than 80 changes to Plaintiffs' proposed collective action notice.[3]  Among other things, Defendants' Sept. 8th Notice deleted Plaintiffs' counsel's email and telephone number, and inserted Defendants' counsel's email and telephone number.  Sept. 8th Notice, at 5-6.

On September 26, 2017 the Defendants filed a limited opposition to Plaintiffs' motion. With their opposition, the Defendants now submit a different proposed notice.  *See* Doc. 23-1.

---

[1] Oct. 2, 2017 Declaration of Steven J. Moser ("Oct. 2, 2017 Moser Decl."), ¶ 3.
[2] *Id.,* ¶ 4.
[3] Oct. 2, 2017 Moser Decl., ¶ 5, and Exhibit 1 annexed thereto (the "Sept. 8th Notice").

In their limited opposition, Defendants *do not oppose* (1) conditional certification of a collective-class consisting of all hourly employees who worked for the Defendants on or after May 16, 2014, (2) production of the collective-class list containing names, last known mailing addresses, telephone numbers and dates of employment (3) setting an opt-in period of 60 days (4) mailing notice, or (5) posting notice. Instead, the Defendants make three objections to Plaintiffs' Proposed Notice:

> (1) "Moser Employment Law, P.C." is an "improper trade name" and therefore the firm name should be removed from the notice;
>
> (2) Providing Plaintiffs' counsel's telephone number in the notice amounts to an "improper solicitation"; and
>
> (3) The Opt-in forms should be returnable to the Court, not Plaintiffs' counsel.

## 1.   THE NAME OF PLAINTIFFS' COUNSEL SHOULD BE CHANGED TO "MOSER LAW FIRM, P.C."

The firm name was changed to "Moser Law Firm, P.C." effective September 20, 2017, after Mr. Catafago brought to my attention the issue regarding the use of the term "employment" in the law firm name.   I therefore request that the new name of the firm - "Moser Law Firm, P.C." - be included in the notice.

## 2.   FURNISHING THE PLAINTIFFS' COUNSEL'S TELEPHONE NUMBER ON THE BOTTOM OF EACH PAGE DOES NOT AMOUNT TO AN "IMPROPER SOLICITATION."

The *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (Federal Judicial Center, 2010)[4] poses the following question with regard to a proposed notice:

> Can the class get answers from [] class counsel?  Even the best notice will generate questions from class members.  A toll-free number call center, an interactive website

---

[4] *available at* https://www.fjc.gov/sites/ default/files/2012/NotCheck.pdf

staffed by trained administrators and class counsel who are accessible to the people they represent are reasonable steps to help class members make informed decisions.

Consistent with this guidance, the Federal Judicial Center's illustrative class action notices include contact information for class members to obtain more information.  *See Securities Class Action Certification and Settlement: Full Notice* (*available at* https://www.fjc.gov/sites/default/files/ 2016/ClaAct13.pdf)(containing toll free number and website at the bottom of each page to obtain more information); *Products Liability Class Action Certification and Settlement: Full Notice* (*available at* https://www.fjc.gov/content/products-liability-class-action-certification-and-settlement-full-notice)(containing toll free number and website at the bottom of each page to obtain more information); *Employment Discrimination Class Action Certification: Full Notice* (*available at* https://www.fjc.gov/sites/default/files/2016/ ClaAct11.pdf) (listing website and advising class members as follows: "You may also speak to one of the lawyers by calling 1-000-000-0000, or by writing to: MNO Class Action, P.O. Box 000, City, ST 00000-0000.").

Because even the best notice generates questions, contact information for the Plaintiffs' attorneys is always included in collective action notices.  For example, Judge Bianco directed the distribution of a notice virtually identical to the one submitted in this case which contained a contact email and telephone number at the bottom of each page.  *De Los Santos v. New Food Corp,* 14-cv-04541 (JFB)(AYS)(Nov. 24, 2015)(approving distribution of Proposed Notice annexed to the Oct. 2, 2017 Moser Decl. as Exhibit 2).

### 3.   *IN THIS CASE* THE OPT-IN FORMS SHOULD BE MAILED TO PLAINTIFFS' COUNSEL

We are aware that this Court has, in the past, required opt-in forms to be mailed directly to the court, rather than to Plaintiffs' counsel.  However, the Court may, in its discretion, direct

that the forms be returnable to Plaintiffs' counsel.[5]  The notice approved by Judge Bianco in *De Los Santos v. New Food Corp*, 14-cv-04541 (JFB)(AYS)(Nov. 24, 2015) called for opt-in forms to be returned to Plaintiffs' counsel.  In fact, Defendants' Sept. 8th Notice also called for Opt-in Plaintiffs to return their consent forms to Plaintiffs' counsel.

Requiring the opt-in plaintiffs to mail the form to the Court, in our current social and political climate, is likely to have a chilling effect on participation.  I represent hundreds of immigrant workers.  Even permanent residents are hesitant to travel because they are afraid that they will not be allowed back into the country.  In this environment, workers will feel much more comfortable dealing with an attorney than with the Court.

Finally, the burden of redacting and filing the forms is willingly accepted by Plaintiffs' counsel.

## 4. DEFENDANTS' NOTICE IS NOT BASED UPON ANY FORM OF NOTICE APPPROVED BY THE FJC OR BY ANY COURT, AND SHOULD BE DISREGARDED.

As the Defendants' notice is confusing, is not based on any notice that was previously approved by any court, and not modeled after any FJC notice, the notice should be disregarded. The Plaintiff's notice, subject to the Court's decision on the three objections raised by the Defendants, should be disseminated to the collective-class.

District Courts have discretion to implement the FLSA through authorizing notice to the collective-class that is "timely, accurate, and informative."  *Hoffmann-La. Roche v. Sperling*, 493 U.S. 165, 167, 110 S. Ct. 482, 484 (1989).

---

[5] At least one court believes that "the 'majority of courts' have directed opt-in plaintiffs to mail consent forms to the plaintiffs' counsel." *Viriri v. White Plains Hosp. Med. Ctr.*, No. 16-CV-2348 (KMK), 2017 U.S. Dist. LEXIS 88226, at *34 (S.D.N.Y. June 8, 2017) (citing *Viriri v. White Plains Hosp. Med. Ctr.*, No. 16-CV-2348 (KMK), 2016 U.S. Dist. LEXIS 352, 2016 WL 30334, at *18 (S.D.N.Y. June 8, 2017) (collecting cases)).

The purpose of an FLSA notice is to let other collective-class members know of the pendency of the lawsuit, "and of their opportunity to opt-in as represented plaintiffs."[6] A suitable introduction is to advise opt-ins that there is a pending lawsuit that they have the right to join. Defendants notice states confusingly that the purpose of the notice is to "determine if any other individual is joining this case." *See* Exhibit A to Catafago Decl., at 1 ("Defendants' Notice").

Defendants' Notice is confusing and inaccurate.  For example, Defendants' Notice states that "[t]his is a notice from Plaintiff's lawyer" without explaining who "Plaintiff's lawyer" is or what a "Plaintiff" is.  Defendants' Notice states that the notice was authorized "on consent of the parties", even though they have not consented to the form of the notice. The notice begins with a 70-word capitalized and italicized legal disclaimer that is difficult to understand.  Defendants' Notice, at 1.

Overall, while the Plaintiffs' proposed notice takes an impartial approach, the Defendants' Notice is designed to dissuade employees from joining.   For example, the Defendants unnecessarily repeat at least four times that they are "denying" the claims made in the lawsuit.  Defendants' Notice at 1, 2 (Sections 2, 3 & 4).  They remind employees four times that the Court is not taking a position on the claims made.  *Id.* at 1 (¶¶ 2, 4), 2 (Section 2), 5 (Section 15).  They tell putative opt-ins at least three times that there is "no obligation to do anything." *Id.* at 1 (¶ 5), 4 (Sections 11 & 13).

The Defendants also give the following legal advice: "If you do not wish to be a party to this lawsuit, you do not need to do anything.  You will have exactly the same rights as you had before this notice was sent to you." *Id.,* at 4 (Section 13).  This is untrue, because an FLSA plaintiff does not have the same rights today as he had several days ago before the notice was

---

[6] *Myers v. Hertz Corp.,* 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).

mailed.  Instead, "every day that passes is a day of damages each potential opt-in plaintiff will be unable to recover."  *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007).

The notice also contains misinformation about who is eligible to join.  Although the Defendants acknowledge that employees who have signed arbitration agreements can receive notice and file consent forms,[7] their notice tells putative opt-ins that "[t]o be eligible to join, you must not be subject to an arbitration agreement."  Defendants' Notice, at 3 (Section 9).   Finally, the notice contains a 60 day opt-in period (Section 13), but requires employees to return the notice within 30 days (Page 1).

These are just some of the issues with the Defendants' proposed notice.  However, because the Defendants have only objected to three parts of Plaintiffs' notice, the Plaintiffs' proposed notice should be used, subject to the Court's decision on the three issues specifically raised by the Defendants.

## CONCLUSION

Plaintiffs' Notice is informative, accurate, and accomplishes the purpose of informing putative opt-ins of the pendency of the lawsuit, and of their opportunity to join.  *Myers v. Hertz Corp.,* 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La. Roche, Inc.*, 493 U.S. at 169, 110 S. Ct. 482, 107 L. Ed. 2d 480).  Plaintiffs request that the motion be granted in its entirety, and that the firm name listed on the notice be changed to "Moser Law Firm, P.C."

Dated: October 2, 2017
       Glen Cove, New York

---

[7] *See* Def. MOL, Point I (ECF No. 24); *see also Hernandez v. Immortal Rise, Inc.*, No. 11-CV-4360(RRM) (LB), 2012 U.S. Dist. LEXIS 182348, at *5 (E.D.N.Y. Dec. 27, 2012) (collecting cases) (finding that whether an individual opt-in plaintiff is not entitled to relief because of an arbitration agreement should not be determined during the notice stage of an FLSA collective action.)

Respectfully Submitted,
MOSER LAW FIRM, P.C.

_____
By: Steven J. Moser (SM 1133)
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
(516) 882-5420 (fax)