

# MOSER LAW FIRM, P.C.

STEVEN J. MOSER, ESQ.     3 SCHOOL STREET, SUITE 207B     TEL (516) 671.1150
smoser@moseremploymentlaw.com     GLEN COVE, NEW YORK 11542     FAX (516) 882-5420

February 23, 2018

Hon. A. Kathleen Tomlinson, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Castillo v. Perfume Worldwide,* 17-cv-02972-JS-AKT

Dear Judge Tomlinson:

    I represent the Plaintiffs in the above captioned matter.

    I write in response to the letter motion of The Scher Law Firm, LLP and Barbara Kalish seeking direction from the Court with regard to their upcoming depositions (ECF No. 38). I also make this motion to strike the Defendant's Fifth Affirmative Defense in the event that the Defendants do not waive the attorney-client privilege.

    Defendants have asserted a good faith defense in two ways. First, they asserted a Fifth Affirmative Defense as follows: "Defendants at all times, acted reasonably, in good faith and without any willful or intentional misconduct." Answer (ECF No. 8), at 9. Defendants have revealed that the good faith defense is based (at least in part) on advice from The Scher Law Firm, LLP and Barbara Kalish, Esq. to a related company – Perfume Center of America, Inc.

    There has been both an *implied* and an *express* waiver of the privilege. First, there is an *implied waiver* by the assertion of the Fifth Affirmative Defense. The assertion generally of a good faith affirmative defense, standing alone, "involves an inquiry into state of mind, which typically calls forth the possibility of implied waiver of the attorney-client privilege." Scott v. Chipotle Mexican Grill, Inc., 67 F. Supp. 3d 607, 610 (S.D.N.Y. 2014).

    The concept of fairness has led courts in this Circuit to conclude that a party that "pleads that it 'thought [its] actions were legal,' [] puts its own 'knowledge of the law and the basis for . . . [its] understanding of what the law required in issue,' including 'conversations with counsel.'" Scott v. Chipotle Mexican Grill. Inc., 67 F. Supp. 3d 607, 610 (S.D.N.Y. 2014) (quoting United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)) (alterations in original).

Enea v. Bloomberg L.P., No. 12cv4656-GBD-FM, 2015 U.S. Dist. LEXIS 111901, at *11-12 (S.D.N.Y. Aug. 20, 2015).

Second, there has been an *express waiver* because the Defendants and Perfume Center of America, Inc. have indicated that their belief that they acted in good faith was based upon the advice of counsel.  "[E]press reliance upon advice of counsel to support Defendants' affirmative defenses [] waive[s] the attorney-client privilege as to attorney-client communications related to such advice."  Blake v. Batmasian, No. 15-cv-81222, 2017 U.S. Dist. LEXIS 166208, at *32-33 (S.D. Fla. Oct. 5, 2017).

Here, I can appreciate the positions of the Scher Law Firm and the Defendants.  The Scher Law Firm seeks protection from the Deposition unless there is a general waiver by Perfume Center of America and the Defendants herein.  Their position is that the general waiver will permit them to testify without the risk of an ethical violation.  The Defendants, on the other hand, want the Scher Law Firm only to be permitted to testify about the communications that they believe will be beneficial to their affirmative defense, but protect all other advice furnished by counsel that may be related to the good-faith defense.

Plaintiffs' position is that the Defendants and Perfume Center of America, Inc. should, in advance of the deposition, be required to waive the privilege with regard to all communications concerning the New York Labor Law, the Fair Labor Standards Act, the wage and hour practices and or policies of the Defendants and Perfume Center of America, or any other communications relevant to whether the Defendants had a "good faith belief" that they were complying with the law.

To the extent that the Defendants do not agree to waive, the Fifth Affirmative Defense should be stricken.  To allow otherwise would permit a defendant in an FLSA case to "cherry pick" those communications which are beneficial to its defense, while protecting all other communications which may be damaging, thereby using the defense as a sword and the privilege as a shield.

                Respectfully submitted,

                Steven John Moser