UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---
NELSON CASTILLO, MARTA VALLADARES, ARACELY VALLADARES, CARLOS REYES, and YOSELY ESPINAL HENRIQUEZ, individually and on behalf of all others similarly situated

17-CV-02972 (JS)(AKT)

**AFFIDAVIT IN OPPOSITION**

Plaintiffs,

-*against*-

PERFUME WORLDWIDE INC. and PIYUSH GOLIA

Defendants.

---
STATE OF NEW YORK  ) ss:
COUNTY OF NEW YORK)

PIYUSH GOLIA, being duly sworn, deposes and says:

1. I am an individual defendant herein and am a principal of Perfume Worldwide Inc. Together with my parents, Kanak Golia and Prahba Golia, I am run our family's related company Perfume Center of America Inc. out of the same premises as Perfume Worldwide Inc..

2. I am fully familiar with the facts set forth below, and make this Affidavit in opposition to the motion of nonparties Scher Law Firm LLP and Barbara Kalish seeking to impose sanctions against me and my company Perfume Worldwide Inc.

3. At the outset, I am advised that the branch of the motion seeking fees against defendants is truly novel; my attorneys advise me that they neither the statutes relied upon by the nonparty movants nor any case law interpreting those statute provide for the issuance of sanctions against a law firm's client for failing either to (a) move to quash another party's subpoena directed at its attorneys; or (b) agree to a blanket waiver of the attorney/client privilege beyond that which has been waived by virtue of the pleadings. Remarkably, Moving Exhibit H is a purported bill for the same charges that are the basis for the sanctions

1

motion. The bill, addressed to my mother at an old address we moved from years ago, is for work neither my family nor our companies ever authorized or agreed to pay for.

4. Here, movants acknowledge, as they must, that *already* through our defense counsel (for the defendants as well for our related company) we expressly waived any privilege as concerns the 20-minute break at issue. (Moving Exhibit D). Inasmuch as that is the only area in which the nonparties' erroneous advice forms the basis for the good faith defense, I am advised that it simply is not proper to demand a further waiver or to somehow seek to sanction defendants and nonparty Perfume Center for not agreeing to a further waiver.

5. The nonparties concede that they acted as counsel for both related parties (see, e.g., Scher Aff., paras. 2, 4). As may expected of anyone accused of giving faulty advice, nonparty movants seek to parse out the faulty advice given to Perfume Center from that given to Perfume Worldwide. (*Id.* at paras. 4-6). This disingenuous exercise is irrelevant as *both companies have waived the privilege regarding the 20 minute break – which is the only issue for which the good faith defense is being asserted.* Further, whether the faulty legal advice was given to a related company as opposed to directly to Perfume Worldwide perhaps may be a defense to a legal malpractice claim, but, I am advised, it does not foreclose the assertion, as a defense herein, Perfume Worldwide's and my good faith reliance on that advice given to the sister company that we so closely worked with.

6. Our defense counsel in this action voluntarily and willingly shared with plaintiff's counsel written proof of the faulty legal advice at issue even before any formal discovery or service of any subpoena. That email is attached hereto as Exhibit A.

7. Both of my family's businesses relied on the Scher firm's erroneous advice, as evidenced by Exhibit A, to our lasting detriment. For most employees of both companies, the workweek is Monday through Friday, 9:00 a.m. to 7:00 p.m., including a twenty (20)

minute unpaid snack break and a forty (40) minute unpaid lunch. This amounts to nine (9) hours of work time per day. Non-exempt employers earn overtime for hours worked over forty (40) hours per week.

8. The erroneous advice at issue (Exhibit A) was as follows: "Note that we edited the language so as to add a 20 minute unpaid snack break. Twenty minutes, as we discussed, is the minimum amount of minutes to give as a break and deduct as time not worked. We further specified that there is generally the 20 minute snack break and now a forty minute lunch break so as to maintain nine (9) hours of work."

9. Testifying truthfully for the nonparties will mean their acknowledging these facts:

    - In or around 2011 the companies were reviewing and revising human resources practices and employed the Scher Law firm (TSLF) to assist in preparing certain documents and policies.

    - At this time the companies were also evaluating options to provide employees with a split break instead of a one break during the day. Many warehouse employees had expressed an interest in having a morning snack break and a lunch break.

    - In order to accommodate the request of the employees the companies regarding the break policy, we had specifically inquired of the Scher Law firm to create a break policy that was legally compliant and allowed for a split break. The intent was to have the same amount of overall break time (one hour) but provide a break in the morning and a break at lunch. The companies also wanted employees to be able to have enough time to leave the facility if needed at lunch.

    - In response to this request Barbara Kalish, Esq. of the Scher Law firm advised us on March 28, 2011 via e-mail,

        "Note that we edited the language so as to add a 20 minute unpaid snack break. Twenty minutes, as we discussed…the minimum amount…. as a break and deduct as time not worked…(we)further specified that there is generally the 20 minute snack break and now a forty minute lunchbreak so as to maintain nine (9) hours of work."

10. In good faith reliance on guidance from the Scher Law firm about the interpretation of New York State Labor Law and Federal Law regarding compensable break time, both of my family's companies instituted the split break policy which is the subject of this litigation,

3

whereby employees received a short "snack break" of twenty (20) minutes in the morning and a longer lunch break of forty (40) minutes in the afternoon. The intent was to provide one hour of unpaid break time to employees each day. The issue here is that the policy and the advice which both and I my company in good faith relied upon completely failed to correlate with the NYS Labor Law and the Federal Law (FLSA) on point as was later explained to me by successor employment law attorney Sima Ali.

11. Specifically, we were only later advised of the following:

### NY Labor Law (on breaks)

New York Labor Law 162 governs this area on the state claims. Non-Factory Workers are entitled to a 30-minute lunch break between 11:00 a.m. and 2:00 p.m. for shifts six hours or longer that extend over that period and a 45-minute meal break at the time midway between the beginning and end of the shift for all shifts of more than six hours starting between 1:00 p.m. and 6:00 a.m. If working more than 8 hours they would get another 20 min break.

### New York Labor Law § 162:

### Time allowed for meals

*1. Every person employed in or in connection with a factory shall be allowed at least sixty minutes for the noon day meal.*
*2. Every person employed in or in connection with a mercantile or other establishment or occupation coming under the provisions of this chapter shall be allowed at least thirty minutes for the noon day meal, except as in this chapter otherwise provided. The noon day meal period is recognized as extending from eleven o'clock in the morning to two o'clock in the afternoon. An employee who works a shift of more than six hours which extends over the noon day meal period is entitled to at least thirty minutes off within that period for the meal period.*
*3. Every person employed for a period or shift starting before eleven o'clock in the morning and continuing later than seven o'clock in the evening shall be allowed an additional meal period of at least twenty minutes between five and seven o'clock in the evening.*
*4. Every person employed for a period or shift of more than six hours starting between the hours of one o'clock in the afternoon and six o'clock in the morning, shall be allowed at least sixty minutes for a meal period when employed in or in connection with a factory, and forty-five minutes for a meal period when employed in or in connection with a mercantile or other establishment or occupation coming under the provisions of this chapter, at a time midway between the beginning and end of such employment.*
*5. The commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided. The permit therefor shall be in writing and shall be kept conspicuously posted in the an entrance of the establishment. Such permit may be revoked at any time.*

and only later we were advised that the applicable Federal law provides:

§ 785.18 Rest.
*Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time. ( Mitchell v. Greinetz, 235 F. 2d 621, 13 W.H. Cases 3 (C.A. 10, 1956); Ballard v. Consolidated Steel Corp., Ltd., 61 F. Supp. 996 (S.D. Cal. 1945).*

§ 785.19 Meal
*(a) Bona de meal periods. Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating. If the breaks meet the statutory requirements, then an employer does not have to pay for them.*

### Regarding Good Faith Defense

12. I am advised that an employer can assert a good faith defense in relying on an attorney's advice under 29 USC § 260 as a defense to a claim for liquidated damages

    "*In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.*

13. I fully understand from my attorney that if the defense is asserted, then the attorney client privilege is waived. *See Scott v Chipotle Mexican Grill*, 67 F. Supp. 3d 607 (SDNY 2014). Accordingly, from the beginning, defendants have waived the privilege

5

and Perfume Center of America has waived the privilege as it concerns the faulty advice regarding the 20 minute break, which is the only area of advice from counsel that the defense is basing its good faith defense upon. For these reasons, I urge the Court to deny the motion.

_____<br>PIYUSH GOLIA

Sworn to before me this
5th day of April 2018

_____
Notary Public

**JACQUES CATAFAGO**
**Notary Public, State of New York**
**No. 02CA4815602**
**Qualified in Nassau County**
**Commission Expires April 30, 20_2_**

6

# EXHIBIT A

**Subject:** FW: Perfume Center Handbook
**Date:** Wednesday, September 9, 2015 at 9:49:29 AM Eastern Daylight Time
**From:** rao
**To:** Piyush Golia

Dear Sir

Please see the e-mail for 20 minute break advised by The Scher Law Firm, LLP and please attachment

Thank you
Regards
Rao

1å|â-LaV«
íaEç'
-----Original Message-----
From: Barbara B. Kalish [mailto:BKalish@scherlawfirm.com]
Sent: Monday, March 28, 2011 5:39 PM
To: rao
Subject: FW: Perfume Center Handbook

Dear Rao:

Please find the revised WORKWEEK provision which, if accepted by Piyush Golia and you, will be on page 18 of the revised handbook. All changes are reflected in bold print.

Note that we edited the language so as to add a 20 minute unpaid snack break. Twenty minutes, as we discussed, is the minimum amount of minutes to give as a break and deduct as time not worked. In other words, 15 minute breaks must be paid time.

We further specified that there is generally the 20 minute snack break and now a forty minute lunch break so as to maintain nine (9) hours of work. If we keep the one hour for lunch ---the day is somewhat unwieldy with the end time being 7:10 pm (which is entirely your choice if you wish us to change this).

Please let me know if the wording in bold which reflects the changes, on the top of the page, meets your approval. If so, the handbook is ready for printing and distribution.

Alternatively, if you wish the unpaid lunch break to remain one hour--let me know that too and I will change this. We also discussed a thirty (30) minute lunch and two twenty (20) minute breaks similarly bringing the day to 7:10 pm since there will be 70 minutes of unpaid time. If you prefer this third option, we will need a memo to be drafted to explain the change to your employees since lunch will be reduced from one (1) hour to thirty (30) minutes, which is a big change.

Further advise as to whether you would like our firm to prepare the copies for your entire staff or alternatively, you will be making copies.

I will await your instructions.


Sincerely yours,

Barbara B. Kalish, Esq.
The Scher Law Firm, LLP

One Old Country Road, Suite 385
Carle Place, New York 11514
T: (516) 746-5040
F: (516) 747-9100


* * * * * * * *

This e-mail and any attachments may contain confidential and privileged information for use by the designated recipient(s) named above. If you are not the intended recipient of this message from The Scher Law Firm, LLP, then you are hereby notified that any review, dissemination, distribution or copying of this message is unauthorized and may be illegal. If you have received this communication in error, please notify the sender identified above by email and/or The Scher Law Firm, LLP, by telephone, at (516) 746-5040. Please also delete this e-mail and destroy any copies of it. Thank you.


-----Original Message-----
From: scanner/xeroxscan
Sent: Monday, March 28, 2011 6:19 PM
To: Barbara B. Kalish
Subject: Perfume Center Handbook

Please open the attached document. It was sent to you using a Xerox WorkCentre.

Number of Images: 1
Attachment File Type: PDF