Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NELSON CASTRO, MARTA VALLADARES, ARACELY VALLADARES, CARLOS REYES and YOSELY ESPINAL HENRIQUEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> PERFUME WORLDWIDE, INC. and PIYUSH GOLIA, <br><br> Defendants. | 17-cv-2972 (JS)(AKT) |

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN OPPOSITION TO THE MOTION TO QUASH[1]**

---

[1] The portions of this Memorandum that relate to a motion for an Order finding that the attorney client privilege has been waived are stricken, and this Memorandum is submitted only for the purposes of opposing the Motion to Quash, as stated in Plaintiffs letter to the Court dated April 17, 2018 (ECF No. 55).

i

## **TABLE OF CONTENTS**

**INTRODUCTION**.................................................................................................................. 1

**FACTS** ................................................................................................................................... 1

**ARGUMENT** ......................................................................................................................... 4

I.   THE DEFENDANTS BEAR THE BURDEN OF PROVING AN AFFIRMATIVE DEFENSE OF "GOOD FAITH"................................................................................. 4

II.  THERE HAS BEEN A BROAD SUBJECT MATTER WAIVER OF COMMUNICATIONS BEARING ON WHETHER THE DEFENDANTS ACTED IN GOOD FAITH ................................................................................................................ 5

   A.   Defendants Have Placed Attorney Client Communications at Issue ................................... 5

   B.   Defendants Have Attempted To Use Privileged Information As Both A Sword And A Shield Through Partial Dislcosure and a Limited Waiver ....................................... 6

   C.   Subject matter waiver is justified because Defendants have used a partial disclosure to attempt to influence the decisionmaker while denying the Plaintiffs access to materials potentially capable of rebutting the assertion that they acted in good faith......................... 7

   D.   The Partial Disclosure of Privileged Communications Constitutes a General Waiver of the Privilege ............................................................................................................. 7

III. THE FORMER ATTORNEYS' MOTION TO QUASH SHOULD BE DENIED IN ITS ENTIRETY ............................................................................................................. 8

IV.  THE REQUEST FOR ATTORNEYS' FEES AS TO THE PLAINTIFFS SHOULD BE DENIED.................................................................................................................... 8

**CONCLUSION** ..................................................................................................................... 9

**INTRODUCTION**

Plaintiffs served subpoenas dated February 5, 2018 upon the Scher Law Firm, LLP on February 9, 2018 and on Barbara Kalish, Esq. on February 13, 2018 to explore the Defendants affirmative defenses based upon the advice of counsel.  When the Defendants and a related entity (Perfume Center of America) refused to grant a general waiver of the attorney client privilege, the Scher Law Firm, LLP and Barbara Kalish, Esq. moved to quash the subpoenas.

~~Plaintiffs now move for an order finding that there has been a waiver of the attorney-client privilege by Defendants Perfume Worldwide, Inc., Piyush Golia, and the non-party Perfume Center of America, Inc.(collectively "Clients").  Plaintiffs also seek an order directing The Scher Law Firm, LLP and Barbara Kalish ("Former Attorneys") comply with the subpoenas dated February 5, 2018.~~

**FACTS**

The Defendant Perfume Worldwide, Inc. (Perfume WW) is an online retailer of beauty products and fragrances.   According to documents furnished by the Defendants, Piyush Golia is the President of Perfume Worldwide, Inc.

Perfume Center of America, Inc. (Perfume Center) is a beauty and fragrance wholesaler.  Upon information and belief, Kanak Golia (Piyush Golia's father) is the President of Perfume Center.  Perfume Center and Kanak Golia are not parties to this action.

Perfume WW and Perfume Center currently share a 150,000 square foot warehouse facility at 2020 Ocean Avenue, Ronkonkoma, New York.

*Procedural History*

This action was commenced on May 16, 2017 against Perfume WW and Piyush Golia.  See ECF No. 1.  A copy of the complaint is annexed to the Declaration of Steven J. Moser as Exhibit 1.  The action seeks unpaid overtime and straight wages as a result of Defendants' policy of failing

1

to compensate employees for a 20-minute morning break. Compl. ¶¶ 110-143. The case also seeks the recovery of spread of hours pay under 12 NYCRR 142-2.4. Compl. ¶¶ 144-149.

The action was brought as a class action under Rule 23 and as a collective action under 29 USC § 216. Defendants have furnished a list of more than 1,000 putative class members.

Defendants answered the complaint on July 14, 2017. See ECF No. 8. A copy of the answer is annexed to the Moser Declaration as Exhibit 2. In their answer, Defendants asserted two good faith affirmative defenses relevant here:

> FIFTH AFFIRMATIVE DEFENSE. Defendants at all times, acted reasonably, in good faith and without any willful or intentional misconduct.
>
> TENTH AFFIRMATIVE DEFENSE. Defendants believed in good faith, and has (sic.) reasonable grounds to believe that Plaintiffs were properly paid per the requirements of the FLSA and NYLL.

*Defendants Have Raised the Advice of Counsel as the Basis for their Good Faith Defense*

Defendants have identified Barbara Kalish, Esq. and the Scher Law Firm, LLP ("Former Attorneys") as having provided advice on which they relied in support of their Fifth and Tenth Affirmative defenses. More specifically, the Defendants produced an email from Former Attorneys dated March 28, 2011 with the subject "Perfume Center Handbook." A copy of this email is annexed to the Moser Declaration as Exhibit 3.

Despite Plaintiffs' request, Defendants have not produced the document attached to the email or any handbook of Perfume Center.

*The Subpoenas*

Plaintiffs served subpoenas upon the Scher Law Firm, LLP on February 9, 2018 and on Barbara Kalish, Esq. on February 13, 2018. These subpoenas are annexed to the Affirmation of

2

Austin Graff in Support of the Motion to Quash as Exhibit's A & B, respectively; Affidavits of Service are annexed to the Moser Declaration as Exhibits 4 and 5 respectively.

After being served with the subpoenas, the Former Attorneys requested a waiver from the Clients. But Clients have only given their Former Attorneys permission to testify with regard to a limited issue: "advice given to PWW and/or PCA regarding the 20-minute break." See Exhibit D to the Graff Affidavit.

The Defendants' refusal to explicitly waive has put the Former Attorneys in a dilemma. If they refuse to appear and testify, they will be in violation of the subpoena. If they testify believing that there is an implied or at-issue waiver, and their belief turns out to be mistaken, they open themselves up to ethical violations and potential liability to the Defendants.

*The DOL Investigation of Perfume Center and Perfume Worldwide's Response*

Prior to filing this case Plaintiffs' counsel made freedom of information requests to the United States Department of Labor and the New York State Department of Labor to obtain the records regarding any investigation of Perfume WW or Perfume Center. Thereafter I received a telephone call from the US DOL informing me that Perfume Center had indeed been investigated regarding a 20-minute uncompensated break and a settlement had been reached. However, at the time of the investigation the government was apparently unaware that there were a group of individuals employed by Perfume WW who were subject to the same 20-minute break policy.

After Perfume Center paid out on the DOL investigation, the sister company, Perfume WW prepared an "Arbitration Agreement" to be signed by all Perfume WW employees. The employees were required to waive their rights to file a lawsuit, class action arbitration, and a jury trial as a condition of continued employment.

3

## ARGUMENT

**I.  THE DEFENDANTS BEAR THE BURDEN OF PROVING AN AFFIRMATIVE DEFENSE OF "GOOD FAITH"**

Both the New York Labor Law and the FLSA mandate the payment of "double damages" for a wage violation.  Under the New York Labor Law an employer is required to pay "liquidated damages equal to one hundred percent of the total amount of the wages found to be due", "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law."  N.Y. Lab. Law § 198.  Under the FLSA, the employer is likewise mandated to pay liquidated damages in an amount equal to the unpaid overtime or minimum wages.  29 U.S.C.S. § 216(b).

29 U.S.C. § 260 permits a limited exception from liquidated damages to an employer who honestly and reasonably tries to find out the dictates of the FLSA and comply with the law.  *Brock v. Wilamowsky,* 833 F.2d 11, 19 (2d Cir. 1987)(the good faith defense requires "evidence of [] an honest intention to ascertain what the Act requires and to comply with it."); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999)(29 U.S.C. § 260 contains both subjective and objective elements.  In order to avoid liability, the employer must prove that it "acted with subjective 'good faith' and had objectively 'reasonable grounds' for believing" that it was not violating the FLSA.)

"The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman v. RSR Sec. Servs.*, 172 F.3d at 142.  The burden is difficult because liquidated damages under the FLSA are not punitive, but compensatory in nature.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707, 65 S. Ct. 895, 89 L. Ed. 1296 (1945).  "It is for this very reason, protection of workers as directed by Congress, that defendants face a high bar to mounting a good faith defense to FLSA

4

wage and hour claims." *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 617 (S.D.N.Y. 2014).

## II. THERE HAS BEEN A BROAD SUBJECT MATTER WAIVER OF ATTORNEY CLIENT COMMUNICATIONS

As Magistrate Judge Francis explained in *Freedman v. Weatherford Int'l Ltd.*, 12 Civ. 2121 (LAK)(JCF), 2014 U.S. Dist. LEXIS 102248, 2014 WL 3767034 at *3 (S.D.N.Y. July 25, 2014):

> Subject matter waiver is reserved for the rare case where a party either places privileged information affirmatively at issue, or attempts to use privileged information as both a sword and a shield in litigation. *Favors v. Cuomo,* 285 F.R.D. 187, 198-99 (E.D.N.Y. 2012); *Shinnecock Indian Nation v. Kempthorne,* 652 F. Supp. 2d 345, 365-66 (E.D.N.Y. 2009) (collecting cases). Both attorney-client privilege and work product protection may be waived on a subject-matter basis. *See Favors,* 285 F.R.D. at 200. Subject matter waiver is justified "when a party uses an assertion of fact to influence the decisionmaker while denying its adversary access to privileged materials potentially capable of rebutting the assertion." *In re County of Erie,* 546 F.3d 222, 229 (2d Cir. 2008) (internal quotation marks omitted). This is necessary in order to "void prejudice to the adversary party and 'distortion of the judicial process' that may result from selective disclosure." *Robbins & Myers, Inc. v. J.M. Huber Corp.,* 274 F.R.D. 63, 94-95 (W.D.N.Y.2011) (quoting *In re von Bulow,* 828 F.2d 94, 101 (2d Cir. 1987)); *see also United States v. Treacy,* No. S208 CR 366, 2009 U.S. Dist. LEXIS 66016, 2009 WL 812033, *3 (S.D.N.Y. March 24, 2009) (subject-matter waiver of attorney-client privilege necessary "in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary").

Here all of the elements of a subject matter waiver are present.

### A. Defendants Have Placed Attorney Client Communications at Issue

As per Second Circuit jurisprudence, the key to a judicial finding of an implied waiver "is some showing by the party arguing for a waiver that the opposing party relies on the privileged communication as a claim or defense or as an element of a claim or defense." *In re the County of Erie,* 546 F.3d 222, 228 (2d Cir. 2008).

The concept of fairness has led courts in this Circuit to conclude that a party that "pleads that it 'thought [its] actions were legal,' [] puts its own 'knowledge of the law and the basis for . . . [its] understanding of what the law required in issue,' including 'conversations with counsel.'"

5

*Scott v. Chipotle Mexican Grill. Inc.,* 67 F. Supp. 3d 607, 610 (S.D.N.Y. 2014) (quoting United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991)) (alterations in original).

"[T]he key to a judicial finding of an implied waiver is some showing by the party arguing for a waiver that the opposing party relies on the privileged communication as a claim or defense or as an element of a claim or defense." *Nycomed U.S. Inc. v. Glenmark Generics Ltd.,* No. 08-CV-5023, 2009 U.S. Dist. LEXIS 95780, 2009 WL 3334365, at *1 (E.D.N.Y. Oct. 14, 2009) (quoting *In re County of Erie,* 546 F.3d at 228). "[I]t is well established that a party waives the attorney-client and work product privileges whenever it puts an attorney's opinion into issue, by calling the attorney as an expert witness or otherwise." *Herrick Co., Inc. v. Vetta Sports, Inc.,* No. 94 Civ. 0905 (RPP), 1998 U.S. Dist. LEXIS 14544, 1998 WL 637468, at *1 (S.D.N.Y. Sept. 17, 1998) (citing *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.), cert. denied, 502 U.S. 813, 112 S. Ct. 63, 116 L. Ed. 2d 39 (1991)).

Here Defendants have *expressly* relied on the advice of counsel, and "express reliance upon advice of counsel to support Defendants' affirmative defenses [] waive[s] the attorney-client privilege as to attorney-client communications related to such advice." *Blake v. Batmasian,* No. 15-cv-81222, 2017 U.S. Dist. LEXIS 166208, at *32-33 (S.D. Fla. Oct. 5, 2017).

**B. Defendants Have Attempted To Use Privileged Information As Both A Sword And A Shield Through Partial Disclosure and a Limited Waiver.**

A "party attempts to use the privilege both as a shield and a sword by partially disclos[ing] privileged communications or affirmatively rely[ing] on [them] to support its claim or defense and then sheild[ing] the underlying communications from scrutiny." *Pall Corp. v. Cuno Inc.,* 268 F.R.D. 167, 168 (E.D.N.Y. 2010)(Boyle, M.J.)(quoting *In re Grand Jury Proceedings,* 219 F.3d 175, 182 (2d Cir. 2000)).

6

Here the Defendants have divulged a *single email* and have only permitted their Former Attorneys to testify only with regard to a very limited issue.

> **C. Subject matter waiver is justified because Defendants have used a partial disclosure to attempt to influence the decisionmaker while denying the Plaintiffs access to materials potentially capable of rebutting the assertion that they acted in good faith.**

Defendants have "cherry picked" a single email communication in an attempt to establish their good faith defense but want to stop there. They do not want any further inquiry as to whether Defendants were acting in good faith. This amounts to "selective disclosure." It clearly benefits the Defendants because it permits them to divulge only information which would support their good faith defense, and protect from disclosure all other potentially damaging information. This amounts to a one-sided and potentially misleading presentation of evidence to the disadvantage of the Plaintiffs.

> **D. The Partial Disclosure of Privileged Communications Constitutes a General Waiver of the Privilege**

> The client cannot be permitted to [] invoke the privilege as to communications *whose confidentiality he has already compromised for his own benefit. . . .* The attorney-client privilege is not designed for such tactical employment.

*Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1425 (3d Cir. 1991)(emphasis supplied).

> When a party reveals part of a privileged communication in order to gain an advantage in litigation, it waives the privilege as to all other communications relating to the same subject matter because 'the privilege of secret consultation is intended only as an incidental means of defense and not as an independent means of attack, and to use it in the latter character is to abandon it in the former.' . . .

> Courts need not allow a claim of privilege when the party claiming the privilege seeks to use it in a way that is not consistent with the purpose of the privilege. Thus, since the purpose of the attorney-client privilege is to protect the confidentiality of attorney-client communications in order to foster candor within the attorney-client relationship, voluntary breach of confidence or selective disclosure for tactical purposes waives the privilege. Disclosure is inconsistent with confidentiality, and courts need not permit hide-and-seek manipulation of confidences in order to foster candor. *In re Sealed Case,* 219 U.S. App.

7

> D.C. 195, 676 F.2d 793, 818 (D.C. Cir. 1982), quoting 8 J. Wigmore, Evidence, § 2327 at 638 (1961). Similarly, "the attorney-client privilege cannot at once be used as a shield and a sword. A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir. 1991), cert. denied, 502 U.S. 813, 116 L. Ed. 2d 39, 112 S. Ct. 63 (1991) (citations omitted). *See also In re Sealed Case,* 308 U.S. App. D.C. 69, 29 F.3d 715, 719 (D.C.Cir. 1994) (citations omitted) ("waiver of the privilege in an attorney-client communication extends to all other communications relating to the same subject matter."); *Brock Equities Ltd. v. Josephthal, Lyon & Ross, Inc.*, 1993 WL 350026 at *1 (S.D.N.Y. Sept. 9, 1993) (party may waive whole subjects but may not "select only certain testimony or documents to produce while leaving other evidence shrouded in privilege"); *Teachers Ins. & Annuity v. Shamrock Broadcasting Co.,* 521 F. Supp. 638 (S.D.N.Y. 1981) (party cannot invoke privilege selectively, disclosing favorable testimony but not "cognate" unfavorable material).

*United States v. Weissman,* S1 94 Cr. 760 (CSH), 1996 U.S. Dist. LEXIS 19066, at *84-85 (S.D.N.Y. Apr. 3, 1996).

### III. THE FORMER ATTORNEYS' MOTION TO QUASH SHOULD BE DENIED IN ITS ENTIRETY

The Former Attorneys' motion to quash is based upon the fact that the attorney-client privilege bars disclosure of documents and testimony, and that only a partial waiver by the Clients does not permit them to testify fully and completely.

If the court finds that the Defendants and Perfume Center have waived the privilege, then it appears that the Former Attorneys will be free to testify fully and completely without fear of violating the privilege.

### IV. THE REQUEST FOR ATTORNEYS' FEES AS TO THE PLAINTIFFS SHOULD BE DENIED

The cases cited by the Former Attorneys do not support a finding of sanctionable conduct in this case either under 28 USC § 1927 or FRCP 45.

The Former Attorneys acknowledge that both *United States v. Intl. Bhd. Of Teamsters,* 948 F.2d 1338 (2nd Cir. 1991) and *KGK Jewelry LLC v. ESDNetowrk,* 2014 US Dist LEXIS 38630 (S.D.N.Y. 2014) hold that the imposition of sanctions under 28 U.S.C. § 1927 requires a finding

8

that (1) the attorney's actions in question were wholly without merit and (2) were taken for improper purposes, such as harassment or delay.[2] Former attorneys have not shown that service of the subpoenas or refusal to withdraw same was for any purpose other than to obtain legitimate and necessary discovery regarding Defendants' affirmative defenses.

Nor are attorneys' fees justified against the Plaintiffs under FRCP Rule 45(c)(1). *Night Hawk Ltd. v. Briarpatch Ltd., L.P.,* 2003 U.S. Dist. LEXIS 23179, at *24 (S.D.N.Y. Dec. 23, 2003), cited on page 12 of the Memorandum in Support of the Motion to Quash, is not on point. The Court in *Night Hawk* sanctioned the Defendant for serving a subpoena only after finding that (1) there was no need for the testimony sought pursuant to the subpoena and (2) the Defendants simultaneously served the subpoena while seeking dismissal in order to improperly obtain discovery for anticipated New York State Court proceedings. The Court in *Am. Intl. Life Assur. Co. v. Vazquez,* 2003 US Dist LEXIS 2680 (S.D.N.Y. 2003)[3] sanctioned an attorney for seeking confidential information by subpoena. However, unlike this case, there was no implied or at issue waiver in *Vazquez,* and the party in *Vazquez* issuing the subpoena had no basis for seeking to obtain otherwise privileged information. *Id.*

## CONCLUSION

~~In order to prevent the potential unfairness that could result to the Plaintiffs by Defendants' partial disclosure, and for the reasons stated in this Memorandum of Law, the Plaintiffs request an order finding a general waiver of the Attorney-Client privilege by Perfume Worldwide, Piyush Golia, and Perfume Center of America.~~ Plaintiffs ~~also~~ request that the Former Attorneys be directed to comply with the Subpoena.

Dated: Glen Cove, New York
March 29, 2018

---

[2] *See* MOL in Support of Motion to Quash, at 10-11.
[3] *See* MOL in Support of Motion to Quash, at 12-13.

9

Respectfully submitted,

MOSER LAW FIRM, P.C.
*ATTORNEYS FOR PLAINTIFFS*
3 School Street, Suite 207B
Glen Cover, New York 11542
(516) 671-1150

By:_____
    STEVEN J. MOSER, ESQ.