

# MOSER LAW FIRM, P.C.

### WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.      3 SCHOOL STREET, SUITE 207B      TEL (516) 671.1150
smoser@moseremploymentlaw.com      GLEN COVE, NEW YORK  11542      FAX (516) 882-5420

June 7, 2018

**VIA ECF**

Hon. Joanna Seybert, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

**RE**:     **Castillo, Et al. v. Perfume Worldwide**
         **Case No. 17-CV-2972 (JS)(AKT)**

Dear Judge Seybert:

Although a pre-motion conference is not required by the Court, Plaintiffs request a pre-motion conference with regard to an anticipated motion to amend the complaint.  A Proposed First Amended Complaint (Redlined) is annexed hereto as Exhibit 1, and a clean version of the Proposed First Amended Complaint is annexed hereto as Exhibit 2.

Fed. R. Civ. P. 15(a) states that "leave [to amend] shall be freely given when justice so requires." As the Supreme Court has held, "this mandate is to be heeded: In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

During the course of discovery and interviews with collective action members, the following facts have come to light:

a. In early 2017 defendants changed their morning break policy from a 20-minute break to a 30-minute break.
b. The Defendants have not complied with the wage notice requirements of NYLL 195. Plaintiffs obtained copies of wage notices from Defendants.  However, those wage notices were never furnished to employees.  And even if those notices had been furnished to employees, they do not comply with NYLL § 195(1) because they were only in in English, did not contain "an affirmation by the employee that the employee accurately identified  his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified" and were not in the employee's primary language.

    c.    Prabha Golia and Kanak Golia, not named as defendants in the original complaint, were also owners of Perfume Worldwide during the six-year period preceding the filing thereof.

    d.    The Golia family owns and operates at least three related businesses which share facilities with Perfume Worldwide, Inc. (Perfume Center of America, Inc., Shri Parshwa Padmavati & Co., LLC and 3 OVO Logistics, Inc.).   All of these businesses share personnel, corporate headquarters, worker's compensation insurance policies, disability insurance policies, and have common employee handbooks.   They are all involved in the sale of fragrances, cosmetics, and beauty products.

In light of these facts, the Plaintiffs seek leave to file the First Amended Complaint.  It alleges that the various entities comprising the "Perfume Enterprise" are jointly and severally liable as employers under the FLSA and the NYLL.  It names Prabha Golia and Kanak Golia as defendants.  It also adds the 30-minute unpaid break claims as well as the claims for failure to issue wage notices under the NYLL.  Defendants do not consent to the filing of the First Amended Complaint.

I thank the Court for its consideration.

Respectfully submitted,

Steven John Moser