

# MOSER LAW FIRM, P.C.
## WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.  
smoser@moseremploymentlaw.com

3 SCHOOL STREET, SUITE 207B  
GLEN COVE, NEW YORK 11542

TEL (516) 671.1150  
FAX (516) 882-5420

June 8, 2018

**VIA ECF**

Hon. A. Kathleen Tomlinson, USMJ  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722

**RE**: Castillo, Et al. v. Perfume Worldwide  
Case No. 17-CV-2972 (JS)(AKT)

Dear Judge Tomlinson:

I write to advise the Court of the open discovery. This morning, Defendants' counsel requested that I hold off on filing this letter until after close of business today to give them additional time to furnish outstanding items.

As of the filing of this letter the following paper discovery remains outstanding:

1. Defendants have not furnished a recent verified supplemental response to Plaintiff's First Set of Interrogatories. This is necessary because defendants have resorted to attempting to answer interrogatories in opposition to the motion to compel and in emails from Defendants' counsel. Annexed as Exhibit 1 is Defendants' most recent "SUPPLEMENTAL INTERROGATORY RESPONSES." Although they were verified on May 16, 2018 they were served via email on June 6, 2018. The responses are argumentative, and the vast majority of interrogatories are missing. The prior supplemental interrogatory responses consist of an email from Mr. Catafago dated March 27, 2018, a copy of which is annexed hereto as Exhibit 2.
2. Document Request No. 27 - Contracts and agreements with payroll service providers (ADP) not furnished.
3. Document Request No. 34 (relating to Defendants' Affirmative Defense of Good Faith") - Defendants have exchanged only a single email.

NYS-45 Forms. As an additional matter, the Defendants are not in possession of any wage and hour records for more than half of the relevant time period. The NYS-45s contain lists of all employees, and the Defendants have not objected to the subpoena served to obtain these

documents from the New York State Tax Department.  Defendants have also agreed to furnish a clear copy of a state-issued ID or passport, along with a social security number of a principal of Perfume Worldwide directly to the New York State Tax Department so that these documents can be furnished.

     <u>Trinet</u>. It is my understanding that the defendants will not object to obtaining payroll records directly from Trinet, Defendant's payroll administrator since December 2017.

     <u>Documents Concerning Defendants' Good Faith Defense</u>.  Defendants have stated that only one document exists concerning their good faith defense of advice of counsel…an email from the Scher law firm dating from 2011.    Of course, the exact nature of documents relating to whether the Defendants were acting in good faith is within the Defendants' knowledge.  However, at a minimum, Documents relating to the following questions should have already been provided:

1. What steps did the defendants take to ascertain the dictates of the FLSA and the NYLL from 2010 to the present?  Did they consult with attorneys?  If so, where are the retainer agreements?  What advice was received?  Where are the emails and opinion letters from counsel?
2. What was the Defendant's break policy prior to the implementation of the 20-minute break period suggested by the Scher Law firm?  Where are those prior manuals?
3. When did the Scher Law firm first make the recommendation of a 20-minute break?
4. When did the Defendant implement the 20-minute break period?
5. Did the defendant keep the Scher Law firm on retainer following 2011, or simply assume that the advice given in 2011 was still valid until the policy was changed in 2017.
6. Was the defendant, or any related company, ever sued or investigated for wage violations?
7. When did the defendant become aware that the 20-minute break policy violated the law?  We have information that Perfume Center of America (PCA) was in fact investigated by the NYS DOL in early 2015 and that PCA became aware at that time that the 20-minute break was unlawful.  Where are the records of the investigation, communications with counsel representing PCA in the investigation, and communications from the NYS DOL?
8. How did the defendant first become aware that the 20-minute policy violated the law and what documents exist concerning this awareness?  Defendants point to Sima Ali, Esq. as having advised them of the fact that the 20-minute break was unlawful, but furnish no emails, communication, retainer, opinion letters, or other documents.
9. When did the defendant change the 20-minute break policy?
10. When did the defendant implement its most recent 30-minute break policy?

11. What advice did the defendant receive regarding the legality of a 30-minute unpaid break policy?

Once the paper discovery issues are resolved we are ready to move forward with depositions at the earliest possible date.  Considering that there are missing payroll records, we will likely need an expert to reconstruct the missing records and/or provide damage calculations based upon testimony.

Respectfully submitted,

Steven John Moser