

**CATAFAGO FINI LLP**

*Attorneys at Law*

The Empire State Building
350 Fifth Avenue, Suite 7710
New York, NY 10118

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

July 5, 2018
**VIA ECF and via Federal Express**
Honorable Joanna Seybert
United States District Court
Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, New York 11722


Re:     *Castillo v. Perfume Worldwide Inc.*, 17-cv-2972 (JS) (AKT)

Dear Judge Seybert:

We represent Defendants Perfume Worldwide Inc. ("PWW") and Piyush Golia (collectively, the "Pre-Amendment Defendants") and newly added Defendants Perfume Center of America, Inc. ("PCW"), Shri Parshwa Padmavati & Co., LLC ("SPP"), 3Ovo Logistics, Inc. ("3Ovo"), Kanak Golia ("Kanak") and Prabha Golia ("Prabha") (collectively, the "Post-Amendment Defendants") in this lawsuit. Pursuant to Rule 4(G) Your Honor's Individual Rules, on behalf of all Defendants, we respectfully request a pre-motion conference for defendants' FRCP 12(b) dismissal motion based on the following:

## POINT 1

### PLAINTIFFS' NEWLY MINTED SINGLE INTEGRATED ENTERPRIS THEORY FAILS AS A MATTER OF LAW

Under the single integrated enterprise theory, -- which originally grew out of Title VII doctrine -- "multiple legally distinct entities [are] liable as a single employer when the entities are a single integrated enterprise, as in the case of 'parent and wholly-owned subsidiary corporations, or separate corporations under common ownership and management.'" *Camara v. Kenner*, No. 16-cv-7078, 2018 WL 1596195, at *8 (S.D.N.Y. Mar. 29, 2018) (quoting *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)). To determine whether distinct companies operate as a single enterprise, courts consider the following four factors:
"'(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.'" *Id.* (quoting *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) (quoting *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995)); *see also Coley v. Vannguard Urban Improvement Ass'n, Inc.*, No. 12-CV-5565, 2016 WL 4179942, at *5 (E.D.N.Y. Aug. 5, 2016) (applying four-part test).  "[D]emonstrating common management and ownership, without more, is insufficient to establish single employer status." *Nuriddinov v. Masada III, Inc.*, No. 15 CV 5875, 2017 WL 9253401, at *6 (E.D.N.Y. July 24, 2017), *report and*

Jacques Catafago                                    1                          jacques@catafagofini.com

*recommendation adopted as modified on other grounds*, 2018 WL 1251335 (E.D.N.Y. Mar. 12, 2018). Significantly, the Second Circuit has not yet applied the single integrated enterprise rule to FLSA liability.  *Camara*, 2018 WL 1596195, at *8

Here, Plaintiffs' own allegations reveal the futility of the Amended Complaint. According to the Amended Complaint, plaintiffs worked for PWW at different locations, locations that have no connection to PCA or SPP and 3OVO.   Plaintiffs allege generally that they were employees of "the Defendants," Am. Compl. ¶¶ 9-22, and that defendants operated as a single enterprise out of the 2020 Ocean Avenue location.  Yet the amended complaint alleges that plaintiffs Castillo, Marta Valladares, and Reyes "initially worked at a facility operated by [PWW] located at 100 Commercial Street, Plainview, New York 11803 and later at a facility located at 2020 Ocean Avenue, Ronkonkoma, New York 11779."  Am. Compl. ¶¶ 108, 119, 140.  Plaintiff Henriquez allegedly worked at "a facility operated by the Defendants located at 109 Lafayette Drive, Syosset, New York 11791."  *Id.* ¶ 152.  Plaintiffs Diaz and Chicas were allegedly "employed by the Defendants" but do not identify where.  Only plaintiff Aracely Valladares alleges that he worked at a facility operated by PWW at 2020 Ocean Avenue.  *Id.* ¶ 129.  Also, for some of the plaintiffs, there is no specificity as to what dates plaintiffs worked at these various locations.

With regard to SPP and 3OVO, the allegations are insufficient to plausibly allege they are part of the single enterprise.  Sharing common management and location is not sufficient, and the other allegations are conclusory.

Lastly, the allegations against the individual defendants Kanak and Prabha are very general with no specific details.  *See generally Apolinar v. R.J. 49 REST., LLC*, No. 15-cv-8655, 2016 WL 2903278, at *5 (S.D.N.Y. May 16, 2016) ("The Amended Complaint is devoid of any non-conclusory allegations suggesting that Susan Kim exercised any degree over the particular Toasties location that employed plaintiffs, or that she otherwise had any direct relationship of control over plaintiffs' terms and conditions of employment."). Therefore, the Amended Complaint fails.

## POINT II

### THE CAUSES OF ACTION SEEKING RELIEF DUE TO UNCOMPENSATED MEAL BREAKS FAILS BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE THAT PLAINTIFFS PERFORMED ANY ACTIVITIES FOR DEFENDANTS WHILE THEY WERE ON BREAK

Plaintiffs now allege that from early 2017 to the present, PWW has had a uniform policy of not compensating employees for a mandated 30-minute break each morning. Am. Compl. ¶ 3.b.  More specifically, plaintiffs allege that after January 2017, the uncompensated morning break was increased from 20 to 30 minutes and defendants implemented a 30-minute midday meal and a 30-minute evening meal.  *Id.* ¶ 98. Plaintiffs further allege that the morning breaks were not for the purpose of eating a regular meal and are therefore compensable.

Under 29 C.F.R. § 785.19(a), bona fide meal periods are not compensable.  Case law under 29 C.F.R. § 785.19(a) focuses on whether the employee used his mealtime for



CATAFAGO FINI LLP

*Attorneys at Law*

The Empire State Building
350 Fifth Avenue, Suite 7710
New York, NY 10118

tel: 212-239-9669   fax: 212-239-9688
www.catafagofini.com

his own or the employer's benefit.  In that regard, the Second Circuit has held that unpaid mealtime activities are compensable if they are undertaken "predominantly for the benefit of the employer." *Reich v. S. New Eng. Telecoms. Corp.*, 121 F.3d 58, 64 (2d Cir. 1997); *see also Romero v. Anjdev Enters., Inc.*, No. 14 Civ. 457, 2017 WL 548216, at *11 (S.D.N.Y. Feb. 10, 2017) ("[T]he FLSA and the NYLL allow meal breaks to be deducted from employees' working hours only if the employee is not performing activities predominantly for the benefit of the employer during the break.").

Tellingly, the Amended Complaint is devoid of any allegations that plaintiffs performed any activities for defendants while they were on their breaks. Accordingly, those causes of action fail as a matter of law.

## POINT III

### CONTRARY TO THE AMENDED COMPLAINT, PLAINTIFFS HAVE BEEN ISSUED AND HAVE SIGNED WAGE NOTICES

Under New York Labor Law § 195, employers are required to issue wage notices to their employees. Here, PWW did furnish the *correct* wage notices to plaintiffs, which were executed within 10 days of their hire. Those documents will be annexed to Defendants motion papers. Such documents may be considered on this motion to dismiss because they are incorporated by reference to the Amended Complaint. *See Torres v. LaLota*, No. CV 15-7097, 2017 WL 4457514, at * (E.D.N.Y. Aug. 14, 2017) (noting that court may consider "documents attached to the Complaint as exhibits or incorporated by reference therein" in context of a Rule 12(b)(6) motion), *report and recommendation adopted by*, 2017 WL 4443578 (E.D.N.Y. Sept. 30, 2017)). Accordingly, that branch of the Amended Complaint should be dismissed.

Respectfully submitted,

*Jacques Catafago*
Jacques Catafago