

STEVEN J. MOSER, ESQ.  3 SCHOOL STREET, SUITE 207B  TEL (516) 671.1150
smoser@moseremploymentlaw.com  GLEN COVE, NEW YORK  11542  FAX (516) 882-5420

July 11, 2018

**VIA ECF**

Hon. Joanna Seybert, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

**RE**:   Castillo, Et al. v. Perfume Worldwide
       Case No. 17-CV-2972 (JS)(AKT)

Dear Judge Seybert:

I represent the Plaintiffs in the above referenced action.  I write in response to the Defendants' request for a pre-motion conference concerning their anticipated motion to dismiss the First Amended Complaint (FAC).

As an initial matter, the Court has already indicated in its June 19, 2018 Electronic Order that the "Defendants will be afforded the opportunity to address the alleged flaws in the Amended Complaint during the upcoming pre-motion conference" to be held on July 27, 2018.  Therefore, the Defendant's request for a pre-motion conference concerning the amended pleading has already been granted.

BACKGROUND

On April 5, 2018, Piyush Golia stated in a sworn affidavit in opposition to a non-party's motion to quash a subpoena issued by the Plaintiffs:

> I am an individual defendant herein and am a principal of Perfume Worldwide Inc. Together with my parents, Kanak Golia and Prahba Golia, I am [sic] run our family's related company Perfume Center of America Inc. out of the same premises as Perfume Worldwide Inc.

(ECF No. 50, Page 1, ¶ 1).  In that affidavit, Mr. Golia explains that the family's related businesses retained the same employment counsel (¶ 5) and had uniform pay practices at both companies based upon employment counsel's advice (¶ 7).  The affidavit explains how the family's related businesses retained the same employment counsel, an implemented the same break deduction policies (¶ 9).  A copy of this affidavit is annexed hereto as Exhibit 1.

1

Some additional facts which have recently been discovered after the FAC was proposed include:

- Some individuals work several days for Perfume Center of America, Inc. (PCA) and other days for Perfume Worldwide, Inc. (PWW), but receive a single check from PCA for the entire workweek.
- Applicants for employment at PWW are sometimes hired by PCA instead.
- Kanak Golia (father), Prabha Golia (mother), Piyush Golia (son), and Roma Golia (wife of Piyush)[1] all have made employment decisions regarding members of the class.
- Kanak Golia has walked the floor at the warehouse and given orders to PWW employees.
- Roma Golia has announced layoffs of seasonal workers at PWW.
- The employment forms and employee handbooks used by PWW and PCA are identical.
- Kanak Golia, Roma Golia, Prabha Golia, and Piyush Golia have all been signatories on the accounts used to pay PWW employees during the relevant time period.
- Kanak Golia's signature and Piyush Golia's signatures appear on payroll checks at times within the statute of limitations.

### THE COMPLAINT HAS ALLEGED SUFFICIENT FACTS, THAT, ACCEPTED AS TRUE, ASSERT PLAUSIBLE CLAIMS AGAINST THE ADDITIONALLY NAMED CORPORATE AND INDIVIDUAL DEFENDANTS

The Plaintiffs believe that the FAC has asserted sufficient factual allegations to "nudge[] [Plaintiffs'] claims across the line from conceivable to plausible." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). However, if the Court believes that there is insufficient factual detail in the FAC, Plaintiffs request leave to amend prior to the anticipated motion to dismiss, as such amendment would clearly not be futile.

**Individual Liability for FLSA Violations.** "The Second Circuit 'has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances'; we have 'identified different sets of relevant factors based on the factual challenges posed by particular cases." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)(citing *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008)).

Because of this flexible standard, courts have been hesitant to dismiss claims against individual defendants. *See , e.g.*, *Winfield v. Babylon Beauty Sch. of Smithtown Inc.*, 89 F. Supp. 3d 556, 569 (E.D.N.Y. 2015)(Allegation that they were ultimately responsible for employment decisions constituted sufficient facts to "plausibly suggest that they had 'operational control' of the [corporate defendants] and are thus subject to liability under the FLSA."; *Salomon v.*

---

[1] Roma Golia is not named as a Defendant in the FAC as information was received concerning her role post-amendment.

*Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 510 (S.D.N.Y. 2013) ("[The] [p]laintiffs . . . allege that the proposed individual defendants were owners and corporate officers of Adderley and ACI, and had authority over matters including payroll, personnel, and the supervision and hiring and firing of employees of both companies . . . . Under the FLSA, these allegations are sufficient to plausibly allege employer status."); *Apolinar v. Global Deli & Grorcery, Inc.*, No. 12 CV 3446 (RJD) (VMS), 2013 U.S. Dist. LEXIS 138137, 2013 WL 5408122, at *4 (E.D.N.Y. Sept. 25, 2013) ("The allegation that [the] [d]efendant Das was a principal of Global suggests that he possessed control over it and its employees . . . . The Complaint also alleges that Defendant Das authorized Global's pay policies and controlled the terms and conditions of Plaintiffs' work . . . . Taking into consideration the totality of the circumstances, [the] [d]efendant Das was an "employer" of Plaintiffs under the FLSA.")

**Joint Enterprise Allegations.** The Defendants correctly point out that "demonstrating common management and ownership, without more, is insufficient ot establish single employer status." See ECF 262, at 1 (citing *Nuriddinov v. Masada III, Inc.,* No. 15 CV 5875 (KAM)(RML), 2017 U.S. Dist. LEXIS 116357, at *10 (E.D.N.Y. July 24, 2017)). However, the allegations in this case go beyond common management and ownership. The defendants have admitted to uniform employment policies among the corporate defendants. They maintain a single worker's compensation and disability insurance policy that covers all of the corporate defendants. The Golia family businesses have interrelated operations and share corporate headquarters.

## THE ALLEGATIONS CONCERNING UNPAID 30-MINUTE BREAKS ARE SUFFICIENT AS A MATTER OF LAW

It is customary in factories, construction sites, and businesses throughout this country to grant paid breaks in the morning and afternoon. The Defendants, however, do not want to pay their employees for these breaks. So instead, they have increased these breaks to 30 minutes and now deduct for multiple breaks each day. Under the employee handbook, employees take breaks from 10:30am to 11:00am, 1:30pm to 2pm, and 5pm to 5:30pm.

"Under both the FLSA and NYLL, 'all of the time worked during a continuous workday is compensable, save for bona fide meal breaks.'" *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2016 U.S. Dist. LEXIS 75430, at *86 (S.D.N.Y. June 9, 2016) (quoting *Hart v. Rick's Cabaret Int'l, Inc.*, 60 F. Supp. 3d 447, 475 n.15 (S.D.N.Y. 2014)); *see* 29 C.F.R. § 785.19(a) ("Bona fide meal periods are not worktime").

However, In order to qualify as a bona fide meal period, a break must be "for the purpose[] of eating [a] regular meal[]." 29 C.F.R. § 785.19(a). In other words a bona fide meal period is a *meal period* not an *extended break*. An employer cannot institute a policy of giving multiple ½ hour breaks per day in order to avoid the requirement that non-mealtime breaks be paid because "not all of these breaks can logically be considered meal periods." *Brock v. Claridge Hotel & Casino*, 664 F. Supp. 899, 908 (D.N.J. 1987)(holding that where there are multiple ½ hour breaks, employer is only entitled to consider one of the breaks as a ½ hour meal period).

## SIMPLY BECAUSE THE DEFENDANTS DISAGREE WITH THE FACTS IN THE FAC IS NOT A SUFFICIENT BASIS FOR DISMISSING THE WAGE NOTICE CLAIMS UNDER NYLL 195

The FAC alleges that "Defendants had a de-facto policy of not issuing any wage notices within 10 days of hiring as required by NYLL § 195 (¶ 237). Defendants disagree, and claim that they actually furnished the wage notices to the Plaintiff class. Even on a motion for summary judgment disputed facts are not subject to resolution. *Harlow v. Fitzgerald*, 457 U.S. 800, 802, 102 S. Ct. 2727, 2729 (1982).

## CONCLUSION

For the foregoing reasons, the motion to dismiss will result in the unnecessary expenditure of Judicial resources and needless delay. If the Court believes that the FAC contains insufficient factual details, the Plaintiffs request leave to re-file a further amended complaint prior to the motion to dismiss, as such amendments will not be futile.

Respectfully submitted,

Steven John Moser