UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NELSON CASTILLO, MARTA VALLADARES, ARACELY VALLADARES, CARLOS REYES, YOSELY ESPINAL HENRIQUEZ, individually and on behalf of all others similarly situated,

Case No. 17-cv-2972 (AKT)

Plaintiffs,

- *against* -

PERFUME WORLDWIDE INC., PERFUME CENTER OF AMERICA, INC., SHRI PARSHWA PADMAVATI & CO., LLC, 3OVO LOGISTICS INC., TEXVEL, INC., JOHN DOE CORPORATIONS NOS. 1-5, KANAK GOLIA, PIYUSH GOLIA, PRABHA GOLIA and ROMA GOLIA,

Defendants.

## DECLARATION OF STEVEN J. MOSER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

I, Steven J. Moser, declare as follows:

1. I am primarily responsible for prosecuting Plaintiffs' claims.

2. I make this declaration in support of Plaintiffs' motion for preliminary approval of a proposed class and collective action settlement.

3. This class and collective action was commenced on May 16, 2017. *See* Compl., ECF No. 1. A copy of the Complaint is annexed hereto as Exhibit 1.

4. Perfume Worldwide and Piyush Golia answered the complaint on July 14, 2017. *See* ECF No. 8

5. A copy of the Answer is annexed hereto as Exhibit 2.

6. On August 5, 2017, the Plaintiffs filed a motion for Conditional certification of this action as a representative collective action pursuant to the FLSA , 29 U.S.C. § 216, on behalf of

1

all current and former hourly employees of Perfume Worldwide, Inc. who had been employed at any time since May 16, 2014. *See* ECF Nos. 11-13. The motion was granted by order dated March 30, 2018. *See* ECF No. 47. Following notice to the collective class, 189 individuals filed opt-in forms to join the FLSA collective.

7. During the course of discovery, the Defendants produced class action waiver and arbitration agreements for 91 of the individuals who had opted in.

8. Defendants' Answer to the original complaint asserted that they had acted in "good faith" and that they "believed in good faith, and had reasonable grounds to believe that Plaintiffs were properly paid per the requirements of the FLSA and NYLL." The Court permitted the depositions of former counsel to proceed on the limited issue of the 20-minute break. *See* ECF No. 207 (June 13, 2018). Depositions of Martin H. Scher, Esq. and Barbara Kalish, Esq. later confirmed that Perfume Center had been advised by counsel that a 20 minute break was not compensable.

9. Following a period of extensive discovery, the Plaintiffs were given leave by Judge Seybert to file an amended complaint. *See* Docket Order Dated June 19, 2018. A First Amended Complaint was filed on June 20, 2021 (ECF No. 222). The First Amended Complaint added additional defendants and claims arising out of Defendants' implementation of a 30 minute meal period following commencement of this action, as well as failure to issue wages notices that complied with NYLL 195(1). A copy of the First Amended Complaint is annexed hereto as Exhibit 3.

10. On July 5, 2018 the Defendants requested a pre-motion conference concerning their anticipated motion to dismiss the claims against the newly added Defendants in their entirety and to dismiss the new causes of action. *See* ECF No. 262. At a conference on July 27, 2018, Judge

Seybert permitted the Plaintiffs to file a Second Amended Complaint, directed that complaint should not include any individual who signed an arbitration agreement, and set a briefing schedule for the Defendants' anticipated motion to dismiss. *See* ECF No. 272.

11. The Second Amended Complaint was filed on August 24, 2018 but was not served. *See* ECF No. 277. A copy of the Second Amended Complaint is annexed hereto as Exhibit 4.

12. Plaintiffs filed a motion to stay the claims of 91 opt-ins subject to arbitration agreements to permit them to file individual arbitrations (ECF No. 279) which was granted by the Court on September 18, 2018. *See* ECF No. 280. A copy of the "Order Staying Claims of [the] Opt-In Plaintiffs" is annexed hereto as Exhibit 5.

13. The parties participated in a mediation with Andrew Kimler, a member of the EDNY Mediation Panel, on November 29, 2018. In advance of mediation, Plaintiff's Counsel prepared damages computations based upon payroll data received from the Defendants, which was cross-checked with paystubs and other information in Plaintiffs' possession, as well as Perfume Worldwide's payroll tax returns. The damages were estimated as follows:

| | |
|---|---|
| Spread of Hours Pay | $418,847.33 |
| Liquidated Damages on SOH Pay | $418,847.33 |
| 20 Minute Uncompensated Break | $583,950.00 |
| Prejudgment Interest (SOH Pay) | $122,692.36 |
| Prejudgment Interest (20 Min Break) | $157,671.00 |
| **Total** | **$1,702,008.02** |

14. Following an all-day mediation, a proposed settlement was reached and reduced to writing in the "Term Sheet." A copy of the Term Sheet was filed on June 17, 2019 (ECF No. 296-2), and is annexed hereto as Exhibit 6.

15. In transitioning the Term Sheet into a full-blown Settlement Agreement, the parties encountered several disputes arising from different interpretations of the Term Sheet. Each party

thereafter filed a fully-briefed motion to enforce the party's interpretation of the Term Sheet. *See* ECF No. 296-304.

16. On April 12, 2021 the parties requested a stay to *See* if they could reach an agreement. ECF No. 305. The stay was granted by the Court (ECF No. 306) and the parties were finally able to finalize the terms of a settlement. A copy of the Settlement Agreement and Release is annexed hereto as Exhibit 7.[1]

17. I have spoken with many class members, who have encouraged me to amicably resolve the competing motions to interpret the term sheet and have expressed approval of the proposed resolution of this case.

18. A proposed notice of preliminary approval is annexed hereto as Exhibit 8.

19. Should the Court grant final approval, notice of final approval will also be mailed to the class. A proposed notice of final approval is annexed hereto as Exhibit 9.

20. Notice of collective action was mailed to the collective on April 26, 2018. A copy of said notice is annexed hereto as Exhibit 10.

21. A sample Consent to Join form which was mailed to the collective on April 26, 2018 is annexed hereto as Exhibit 11.

### *Basis for Request to be Appointed Class Counsel*

22. I graduated from Fordham University School of Law in 1997, and was admitted to the bar of the State of New York the same year. I have 23 years of experience in litigation and 13 years of experience in wage and hour litigation. I began my representation of workers with a non-profit agency that sought to educate and represent day laborers. I am admitted to the Eastern District of New York, the Southern District of New York, the Eastern District of Michigan, and

---

[1] The Defendants have indicated through counsel that they agree to the terms of this proposed settlement, and will file a signature page shortly.

the Second Circuit Court of Appeals.

23. I work almost exclusively in prosecuting wage and hour litigation in federal and state court on behalf of aggrieved workers. I speak Spanish fluently. I am an active member of the National Employment Lawyers association and have litigated minimum wage, overtime, prevailing wage, spread of hours, and RICO claims in the Southern and Eastern Districts of New York.

24. I have been appointed as class counsel in other wage and hour litigation in the Eastern and Southern Districts of New York, and in New York State Supreme Court including *Serrano v. Mamais Contracting Corp. and Trustees of Columbia University in the City of New York, et al.,* 12-cv-06374 (LTS)(S.D.N.Y. October 15, 2013)(ECF No. 64), *Mendez v. U.S. Nonwovens Corp.,* 314 F.R.D. 30, 35 (E.D.N.Y. 2016), *Santamaria v. Nature's Value, Inc. et al,* 15-cv-04535 (GRB)(E.D.N.Y. January 4, 2017)(ECF No. 38), *Guevara v. Sirob Imports, Inc.,* 15-cv-02895(SLT)(E.D.N.Y. February 7, 2020); *Connors v. American Medical Response,* 20-cv-05046 (KHP)(S.D.N.Y. April 21, 2021)(ECF No. 32), *Sanchez-Herrera v. Quadami, et al.*, Index No. 1507/2016 (Supreme Court, Nassau County 2017), and *De Los Santos v. New Food Corp.,* 14-cv-4541(AYS). I have been described as "an experienced FLSA attorney." *Chavez v. White Post Wholesale Growers, Inc.,* 12-cv-1348 (E.D.N.Y. December 18, 7 2012)(Seybert, J.).

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: Huntington, New York
August 23, 2021

Steven J. Moser