**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NELSON CASTILLO, MARTA VALLADARES, ARACELY VALLADARES, CARLOS REYES, YOSELY ESPINAL HENRIQUEZ, VILMA DIAZ and JESSICA CHICAS individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>PERFUME WORLDWIDE INC., PERFUME CENTER OF AMERICA, INC., SHRI PARSHWA PADMAVATI & CO., LLC, 3OVO LOGISTICS INC., TEXVEL, INC., JOHN DOE CORPORATIONS NOS. 1-5, KANAK GOLIA, PIYUSH GOLIA, PRABHA GOLIA and ROMA GOLIA,<br><br>Defendants. | **Civil Action No.** 17-cv-2972 (AKT)<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release (the "Agreement") is entered into by and between Named Plaintiffs (as hereinafter defined) and the class of individuals that they seek to represent (as hereinafter defined) and Defendants (as hereinafter defined) (together, the "Parties").

**RECITALS**

WHEREAS, Plaintiffs Nelson Castillo, Marta Valladares, Aracely Valladares, Carlos Reyes, and Yosely Espinal Henriquez ("Plaintiffs"), filed an FLSA Collective Action and Rule 23 Class Action Complaint on or about May 16, 2017 (ECF No. 1);

WHEREAS, the Complaint asserted class action claims under the New York Labor Law and collective action claims under the Fair Labor Standards Act against Perfume Worldwide Inc. and Piyush Golia and sought recovery of, among other things, unpaid overtime, unpaid straight wages, spread of hours pay, liquidated damages, and attorneys' fees and costs;

WHEREAS, Plaintiffs filed a motion for conditional collective certification and authorization to mail notice on August 5, 2017, which motion was granted by Order dated March 30, 2018;

WHEREAS, following the mailing of notice to the collective, 189 individuals filed consent forms to participate in this action ("Opt-In FLSA Plaintiffs");

WHEREAS, Named Plaintiffs (as hereinafter defined) filed a First Amended Complaint on June 20, 2018 (ECF No. 222);

WHEREAS, Defendants filed a letter motion to dismiss the claims of Opt-In FLSA Plaintiffs subject to arbitration agreements on July 5, 2018 (ECF No. 262);

WHEREAS, at a conference on July 27, 2018 U.S. District Judge Joanna Seybert, then presiding, granted Plaintiffs leave to file a Second Amended Complaint, but pursuant to the Defendants' application to dismiss the claims of Opt-In FLSA Plaintiffs subject to arbitration agreements, directed that the Second Amended Complaint not include those subject to arbitration agreements (ECF No. 272);

WHEREAS, on August 24, 2018 Plaintiffs filed a Second Amended Complaint against Perfume Center of America, Inc., Perfume Worldwide Inc., Shri Parshwa Padmavati & Co., LLC, 3OVO Logistics Inc., Texvel, Inc., John Doe Corporations Nos. 1-5, Kanak Golia, Piyush Golia, Prabha Golia, and Roma Golia ("Second Amended Complaint") (ECF No. 277) but never served that pleading;

WHEREAS, the never-served Second Amended Complaint asserted class action claims under the New York Labor Law and collective action claims under the Fair Labor Standards Act and sought recovery of, among other things, unpaid overtime, unpaid straight wages, spread of hours pay, liquidated damages, statutory damages for wage notice violations, and attorneys' fees and costs;

WHEREAS, pursuant to the direction of Judge Seybert, the Plaintiffs filed a motion to stay the claims of certain Plaintiffs subject to arbitration agreements (ECF No. 279), which was granted on September 18, 2018 (ECF No. 280);

WHEREAS, Defendants deny any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiffs' rights or of any duty owed by Defendants to Plaintiffs and have asserted numerous affirmative defenses and there has been no finding against any of them;

WHEREAS, the Parties participated in an 8 hour mediation supervised by Andrew Kimler, Esq., a member of the mediation panel of the Eastern District of New York on November 29, 2018, in an attempt to settle and release any and all claims which Plaintiffs have against Defendants related to Plaintiffs' claims for unpaid wages which arose or may have arisen prior to the date of execution of this agreement and to compromise on the disputed claims. The settlement does not constitute an admission by the Defendants. The Parties did reach a settlement subject to Court approval which is memorialized in Exhibit A hereto and which outlines amounts to be paid to Plaintiffs and represents sums to which Plaintiffs would not be entitled absent this Agreement; and

WHEREAS, the Parties have agreed that Magistrate Tomlinson may preside over all issues regarding their settlement;

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree as follows:

1.  **DEFINITIONS**

    The defined terms set forth herein shall have the meanings ascribed to them below.

1.1  **Acceptance Period.**  "Acceptance Period" shall mean the 30 days that a Class Member has to endorse and cash or deposit a Settlement Check.

1.2  **Agreement.**  "Agreement" shall mean this Settlement Agreement and Release.

1.3  **Arbitration Plaintiffs.**  "Arbitration Plaintiffs" shall mean all individuals whose claims were stayed Pursuant to the Order of Hon. Joanna Seybert, USDJ, dated September 18, 2018 (ECF No. 280).

1.4  **Claims Administrator.**  "Claims Administrator" shall mean Settlement Services, Inc., PO Box 1657, Tallahassee, FL 32302.

1.5  **Class Counsel.**  "Class Counsel" shall mean the Moser Law Firm, P.C.

1.6  **Class Members.**  "Class Members" includes all Named Plaintiffs, Opt-In FLSA Plaintiffs and all employees who otherwise fall within the definition of the Rule 23 Class, as defined below.

1.7  **Class Settlement Amount.**  "Class Settlement Amount" shall mean the sum of $1,500,000.00.

1.8  **Court.**  "Court" shall mean the United States District Court for the Eastern District of New York.

1.9  **Covered Period.**  "Covered Period" shall mean the period from May 16, 2011 through December 31, 2018.

1.10  **Day; Days.**  "Day" shall mean calendar day.  If a deadline set forth herein falls on a weekend or national holiday, the deadline shall be the next weekday that is not a national holiday.

1.11  **Defendants.**  "Defendants" shall mean Perfume Worldwide Inc., Perfume Center of America, Inc., Shri Parshwa Padmavati & Co., LLC, 3OVO Logistics Inc., Texvel, Inc, Piyush Golia**,** Kanak Golia, Prabha Golia and Roma Golia.

1.12  **Defendants' Counsel.**  "Defendants' Counsel" shall mean Catafago Fini LLP.  For the purposes of providing any notices required under this Agreement, Defendants' Counsel shall refer to Jacques Catafago, Esq. of Catafago Fini LLP.

1.13  **Effective Date.**  The "Effective Date" shall mean the later of (a) thirty (30) days following the Court's entry of the Order Granting Final Approval of the settlement if no appeal is taken of the final approval order, or (b) the Court's entry of a final order and judgment and after the resolving of any appeals.

1.14 **Employer.** "Employer" shall mean Perfume Worldwide Inc.

1.15 **Fairness Hearing.** "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

1.16 **Gross Settlement Amount.** "Gross Settlement Amount" shall mean a total sum not to exceed $2,250,000.00. The "Gross Settlement Amount" is the sum of the "Class Settlement Amount" and the attorneys' fees approved by the Court.

1.17 **Litigation.** "Litigation" shall mean *Castillo v. Perfume Worldwide Inc.,* 17-cv-2972, pending in the United States District Court for the Eastern District of New York.

1.18 **Named Plaintiffs.** "Named Plaintiffs" shall mean Nelson Castillo, Marta Valladares, Aracely Valladares, Carlos Reyes, Yosely Espinal Henriquez, Vilma Diaz and Jessica Chicas.

1.19 **Net Settlement Fund or NSF.** "Net Settlement Fund" or "NSF" shall mean the Class Settlement Amount, less (1) the Claims Administrator's fees, (2) Court approved service awards to the Named Plaintiffs and (3) Court approved litigation costs and expenses.

1.20 **Opt-In FLSA Plaintiffs.** "Opt-In FLSA Plaintiffs" shall mean all individuals (other than the Named Plaintiffs) who filed consent forms to participate in this action.

1.21 **Order Granting Final Approval**. "Order Granting Final Approval" shall mean the final Order entered by the Court after the Fairness Hearing.

1.22 **Order Granting Preliminary Approval**. "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

1.23 **Parties.** "Parties" shall mean the Named Plaintiffs and the class of individuals that they seek to represent and Defendants.

1.24 **Qualified Class Member.** "Qualified Class Member" shall mean any Class Member who does not opt out pursuant to Section 2.7 of this Agreement.

1.25 **Qualified Settlement Fund or QSF.** "Qualified Settlement Fund" or "QSF" shall mean the Escrow account established by the Settlement Claims Administrator for the Gross Settlement Amount paid by the Employer. The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Orders for Preliminary Approval and Final Approval.

1.26 **Releasees.** "Releasees" shall mean Defendants, including Perfume Worldwide Inc., Perfume Center of America Inc., Shri Parshwa Padmavati & Co., LLC, 3OVO Logistics Inc., Texvel, Inc., Piyush Golia, Kanak Golia, Prabha Golia, and Roma Golia, as defined herein, their respective affiliates, subsidiaries, successors and all other related entities, including but not limited to all of their incumbent and former officers, directors, owners,

members, managers, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns, and representatives, in their individual and/or representative capacities.

1.27 **Reversion Monies**.  "Reversion Monies" refers to the amounts allocated from the Qualified Settlement Fund or QSF (as defined in this Agreement) that are allocated to a Class Member which remain un-deposited or unused.  Additionally, Reversion Monies include monies that are returned to the Defendants based on the difference between the approved attorneys' fees and costs and the fund.  The Reversion Monies will revert back to the Employer.

1.28 **Rule 23 Class**.  "Rule 23 Class" shall mean all employees of Perfume Worldwide Inc. who performed work as non-exempt employees between January 1, 2011 and December 31, 2018, except that any individual who timely submits an Opt-Out Statement shall not be included in the Rule 23 Class.  A member of the Rule 23 Class is a "Rule 23 Class Member."

## 2.   APPROVAL AND CLASS NOTICE

2.1 **Retention of Claims Administrator.**  Within 10 calendar days after the execution of this Agreement, Plaintiffs' counsel with the approval of Defendants' counsel shall retain the Claims Administrator to administer the settlement process.  The Claims Administrator shall be responsible for mailing, or otherwise providing, the notice, calculating Class Members' shares of the Net Settlement Fund as per section 3.5 "Calculation of the Distribution of the Net Settlement Fund", determining the timing of the payment to Class Members, mailing the Notice of Final Approval of Class and Collective Action Settlement as per section 3.6(C), and issuing and mailing checks to Class Members as provided herein.  The Parties agree to cooperate with the Claims Administrator and assist it in any way possible in administering the settlement.  The Claims Administrator's fees and any other costs incurred by the Claims Administrator, including but not limited to the costs incurred in providing notice, shall be paid from the Qualified Settlement Fund.

2.2 **Preliminary Approval by the Court.**  Within twenty-one (21) days of the execution of this Agreement, Plaintiffs will submit to the Court a Joint Preliminary Approval Motion,

A.   Dismissing with prejudice pursuant to FRCP 41 all claims against Perfume Center of America Inc., Shri Parshwa Padmavati & Co., LLC, 3OVO Logistics Inc., Texvel, Inc., Kanak Golia, Prabha Golia, and Roma Golia.

B.   Lifting the stay of the claims of all Arbitration Plaintiffs and Seeking Conditional Certification of the Settlement Class and for Preliminary Approval of the Class Action Settlement ("Preliminary Approval Motion"); and

C.   Submitting to the Court, among other things: (a) a proposed Notice of Settlement of the Class and Collective Action Lawsuit and Fairness Hearing which is appended hereto as Exhibit B; (b) a proposed Order Lifting the Stay of Claims of the Claims of the Arbitration Plaintiffs, and Granting Preliminary Approval and certifying the New York Class pursuant to Fed. R. Civ. P. 23; and (c) a Memorandum of Law In

Support Of The Motion For Preliminary Approval.   Prior to submission, Defendants will have an opportunity to review and provide comments relating to the Preliminary Approval Motion.   Plaintiffs and Defendants will cooperate in good faith in the preparation of the Preliminary Approval Motion and exhibits thereto. The Preliminary Approval Motion will include the findings required by Fed. R. Civ. P. 23(a) and 23(b)(3) and will seek the setting of dates for opt-outs, objections, and a Fairness Hearing.   Defendants will not oppose the Preliminary Approval Motion so long as Plaintiffs have complied with the terms of this Settlement Agreement.

2.3     **Denial of Preliminary Approval.**  If the Court denies the Joint Motion for Preliminary Approval, then the Parties shall seek reconsideration of the ruling in accordance with Exhibit A and the concerns of the Court.  If a motion for reconsideration is denied, then the Parties agree to enter into good faith negotiations for a period of 60 days following the denial of the motion for reconsideration, after which time the parties shall seek to resolve any impasse at one or more mediation sessions with Andrew Kimler, Esq.  If the parties are unable to resolve any impasse within such time, this settlement agreement and the memorandum of understanding shall be null and void.

2.4     **Final Order and Judgment from the Court.**  Plaintiffs will seek to obtain from the Court, as a condition of settlement, a Final Order and Judgment in a form to be agreed upon by the Parties.  The proposed Final Order and Judgment will, among other things: (a) finally certify the Class for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement as fair, adequate, and reasonable, and binding on all Class Members who have not timely opted out pursuant to Section 2.7, (d) dismiss the Litigation with prejudice, and (e) incorporate the terms of this Settlement and Release. Prior to submission, Defendants will have an opportunity to review and provide comments relating to the Motion for Judgment and Final Approval and the proposed Final Order and Judgment.  The Parties will meet and confer in good faith to draft these submissions.  While reserving their right to cancel this agreement based on opt outs, Defendants will not oppose the Final Approval Motion so long as Plaintiffs have complied with the terms of this Settlement Agreement.

2.5     **Dismissal of Pending Arbitrations.**  Within 7 days following the date on which the Court grants Preliminary Approval, Class Counsel shall notify the American Arbitration Association ("AAA") that the Court has preliminarily approved the Settlement, and request a continued stay of the arbitrations filed by the Arbitration Plaintiffs.  Within 7 days after the Effective Date, Class Counsel shall voluntarily discontinue the Pending Arbitrations in writing to the AAA with prejudice for any individual who has not opted-out of this Settlement.  The Defendant intends to challenge any attempt by arbitration claimants to opt out of the settlement based upon the signed term sheet.

2.6     **Class And Collective Action Notice**

A.      **Class List.**  Within 21 days following the date on which the Court grants Preliminary Approval, Defendants will provide the Claims Administrator and Class Counsel with a list, in electronic form, of the names, addresses, dates of

employment, regular rate(s) of pay, and social security/tax ID number of each Class Member (the "Class List") during the Covered Period. Within 7 days following receipt of the Class List, Class Counsel shall identify each Opt-In FLSA Plaintiff on the Class List and may furnish corrected information for Opt-In FLSA Plaintiffs to the Claims Administrator and Defendants' Counsel.

B.   **Notice**:  The Notice will advise all Class Members and Opt-In FLSA Plaintiffs of the binding nature of the release and such notice shall have the same force and effect as if each Class Member and Opt-In FLSA Plaintiff executed the Agreement.

C.   **Mailing.**  Within 28 days of the date on which the Court grants Preliminary Approval, the Claims Administrator shall mail, via First Class United States mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, in English and Spanish, in the form appended hereto as Exhibit B to all Class Members, using the Class List. The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Member for whom the notice is returned by the post office as undeliverable, including requesting the information for Opt-In FLSA Plaintiffs from Class Counsel, using social security numbers to obtain better address information, and shall attempt re-mailings as described below. Defendants' Counsel and Class Counsel have the right to make inquiries and receive any information from the Claims Administrator related to the claims administration process.

D.   If any Notices are returned to the Claims Administrator as undeliverable, the Claims Administrator will attempt one re-mailing per Class Member. The Claims Administrator shall, within 10 calendar days after the first mailing of the Notice, notify Class Counsel and Defendants' Counsel of the precise date of the end of the Opt-Out Period.

E.   The Claims Administrator shall provide the Parties with weekly information concerning the status of Notice mailings, including the names of Class Members whose Notices were returned as undeliverable, the names of Class Members whose Notices which were re-mailed, and the names of Class Members, if any, who have opted-out.

2.7   **Class Member Opt-Out.**

A.   Any Class Member who chooses to opt-out of the settlement must mail a written and signed Opt-Out Statement to the Settlement Claims Administrator. To be effective, (1) the Opt-out Statement must state: "I opt-out of the Perfume Worldwide class action settlement;" (2) the Opt-Out Statement must include the name, address, telephone number and signature of the person opting-out of the settlement; and (3) the Opt-Out Statement must be postmarked within thirty (30) days from the date of mailing of the Notice to the Class Member.

B.   Opt-Out Procedure and Binding Nature of This Agreement.  Unless a Class Member opts out of the Settlement described in this Agreement, he/she shall be

7

bound by the Agreements' terms and conditions, and shall also be bound by the Court's Order enjoining all Settlement Class Members from pursuing, or seeking to reopen, any of the Settled Claims against the Released Parties.

C.    The Claims Administrator shall not attempt more than one supplemental mailing of the Notice. The end of the "Opt-Out Period" shall be 30 days after the last day on which the Claims Administrator makes a mailing to a Class Member, but in any case no later than 7 days before the date of the Fairness Hearing. The Claims Administrator shall, within 10 days after the last day on which it makes such a mailing, notify Class Counsel and Defendants' Counsel of the precise date of the end of the Opt-Out Period.

D.    The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve by email copies of each Opt-out Statement on Class Counsel and Defendants' Counsel not later than 3 days after receipt thereof. The Claims Administrator shall, within 24 hours of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and Defendants' Counsel. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Agreement.

E.    Defendants shall have the right to cancel this Agreement so that it is null and void if more than 4 Opt-In FLSA Plaintiffs timely submit Opt-Out Statements to the Claims Administrator. In order to exercise this right, Defendants shall file a letter via the Court's ECF system within seven (7) days after the end of the Opt-Out Period indicating its intention to cancel the Agreement and identifying the Opt-In FLSA Plaintiffs who have timely submitted Opt-Out Statements. If the Defendants exercise this absolute right to cancel this Agreement, the Parties agree to enter into good faith negotiations for a period of 60 days following cancellation, during which time the parties shall seek to resolve any impasse at one or more mediation sessions with Andrew Kimler, Esq.

**2.8    Objections to Settlement.**

A.    Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Claims Administrator by a date certain, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which shall be 30 calendar days after the Claims Administrator mails the Notice. The statement must contain the name, address and telephone number of the Class Member to be valid. It must also contain the words "I object to the settlement in *Castillo v. Perfume Worldwide Inc.,* 17-cv-2972" and set forth the reasons for the objection. The Claims Administrator shall stamp the date received on the original objection and send copies of each objection to Class Counsel and Defendants' Counsel not later than 3 calendar days after receipt thereof. The Claims Administrator shall also file

the date-stamped originals of any and all objections with the Clerk of Court within 3 calendar days after the end of the Opt-Out period.

B.   Class Counsel will not represent any objector and will not assist any Class Member in the preparation of objections to the Settlement Agreement and affirmatively represents that he knows of no individual who intends to object or opt out of this settlement.

C.   An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector.  An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections.  An objector may withdraw his/her objections at any time.  Any Class Member who has requested exclusion may not submit objections to the settlement.

D.   The Parties may file with the Court written responses to any objections no later than 7 days before the Fairness Hearing.

2.9   **Motion for Judgment and Final Approval.**  No later than 14 days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval.  The Fairness Hearing shall be held at the Court's convenience.

2.10   **Entry of Judgment.**  At the Fairness Hearing, the Parties will request that the Court, among other things, (a) finally certify the Class for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement as fair, adequate, reasonable, and binding on all Qualified Class Members, (d) Order the Claims Administrator to distribute settlement checks to class members, service awards, if any, and costs, and to comply with all of the terms of this agreement (e) Order the dismissal with prejudice of all claims asserted in the litigation, (f) incorporate the terms of this Settlement and Release, and (g) retain jurisdiction as necessary.

2.11   **Effect of Failure to Grant Final Approval.**  In the event the Court does not enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Parties agree to file a motion for reconsideration so as to effect a resolution in accordance with the terms set forth in Exhibit A.  If the motion for reconsideration is denied, either party  may appeal the denial.

2.12   **Release.**

A.   As of the date of filing and entry of a Final Approval Order and Final Judgment dismissing the Action in its entirety with prejudice, and except as to such rights or claims as may be created by this Agreement, the Qualified Class Members shall be deemed to have forever and fully released all Released Claims as set forth in Section 4.1 herein.

B.   Furthermore, Qualified Class Members give up their right to individual damages in connection with any administrative, arbitration, or court proceeding with respect to their Released Claims, including claims raised by the Attorney General, New York

State Department of Labor and/or the United States Department of Labor in any investigation of payroll practices, and if Qualified Class Members are awarded money damages for their Released Claims, they shall assign to Employer their right and interest to such money damages. Should any agency or third-party seek to assert on their behalf any of the Released Claims, Qualified Class Members shall designate Employer as the recipient of, or otherwise pay over to Employer, any recovery (whether by way of judgment or settlement) obtained as to such claims.

C.      A Rule 23 Class Member who does not timely return an Opt-Out Statement will be considered to be releasing the Defendants as indicated in Section 4.1 herein, and will be issued a Settlement Check by the Settlement Claims Administrator from the Qualified Settlement Fund in accordance with the Final Approval Order.

## 3.      SETTLEMENT TERMS

### 3.1      Settlement Payments by Employer.

A.      **Gross Settlement Amount.**  Employer agrees to pay a Gross Settlement Amount of up to $2,250,000.00, to resolve and satisfy: (a) all amounts to be paid or owed to Class Members; (b) Court-approved service payment to the named Plaintiffs; and (c) the Claims Administrator's fees, (d) attorneys' fees, and (e) litigation costs.

B.      **Class Settlement Amount.**  The Class Settlement Amount is $1,500,000.00.

C.      **First Payment.**  Within five days of the Effective Date, Employer shall pay the Claims Administrator the total amount of attorneys' fees approved by the Court (not to exceed $750,000.00) by deposit into the QSF.

D.      **Second Payment.**  No later than one year after the first payment, Employer shall pay the Claims Administrator $750,000.00, by deposit into the QSF to be allocated to the Class Settlement Amount.

E.      **Third Payment.**  No later than two years after the first payment, Employer shall pay the Claims Administrator $750,000.00 by deposit into the QSF to be allocated to the Class Settlement Amount.

F.      **Interest.**  Interest accrued from the QSF on the first payment, net of taxes and any bank fees, shall belong and be remitted to Class Counsel.

### 3.2      Distribution of QSF.

A.      **First Distribution.**  Within five days after request by Class Counsel, but no earlier than seven days after receipt of the First Payment, the Claims Administrator will wire the total amount of approved attorneys' fees and interest accrued thereon to Class Counsel.

B.      **Second Distribution.**  Within fourteen days after receipt of the Second Payment, the Claims Administrator will make the following payments from the QSF:

(1) Claims Administrator's fees; (2) Court-approved service awards to Named Plaintiffs as described in Section 3.3; (3) Court-approved litigation costs as described in Section 3.4 herein; and (4) mail settlement payments to Qualified Class Members as described in Sections 3.5-3.7.

C.    **Third (and Final) Distribution.**  Within seven days after receipt of the Third Payment, the Claims Administrator will mail settlement checks to Qualified Class Members as described in Sections 3.5-3.7.

3.3    **Service Payment to Named Plaintiffs.**  The Named Plaintiffs may each apply to the Court to receive up to $10,000.00 of the Class Settlement Amount for services rendered to the Class.   Defendants will not oppose such application.   The service award and the requirements for obtaining such payment are separate and apart from, and in addition to, Plaintiffs' recovery from the Net Settlement Fund.

3.4    **Settlement Amounts Payable as Litigation Costs**.   At the Fairness Hearing, Class Counsel may seek reimbursement of reasonable litigation costs and expenses from the QSF.  Defendants will not oppose such application.

3.5    **Calculation of the Distribution of the Net Settlement Fund.**  Qualified Class Members will be deemed eligible for payment hereunder.

A.    The Net Settlement Fund is the Class Settlement Amount, less (1) Claims Administrator's fees; (2) Court-approved service awards to Named Plaintiffs as described in Section 3.3; and (3) Court-approved litigation costs as described in Section 3.4 herein

B.    Notwithstanding the formula below, no Qualified Class Member will be awarded a payment that is less than $50.00. In the event that a Class Member's settlement share under the calculation set forth below is less than $50.00, his or her settlement share will be increased to $50.00 and subtracted from the Net Settlement Fund, and all other Class Members' settlement shares will be recalculated to offset this increase.

C.    The NSF shall be distributed according to the following formula:

(1)    Each Qualified Class Member will receive one (1) point for every week worked for the period from May 16, 2011 through December 31, 2018.

(2)    Each Qualified Class Member shall receive an additional (3) points for every week during which the employee earned the minimum wage between January 1, 2011 and December 31, 2018.

(3)    The Net Settlement Fund will be divided by the aggregate number of points accrued by all of the Qualified Class Members ("Point Value").

(4)    Each Qualified Class Member's total points will be multiplied by the Point Value to determine his or her Individual Settlement Amount.

11

3.6    **Distribution of the NSF.**

A.    The NSF shall be paid to Qualified Class Members  in the following order:

(1)    Named Plaintiffs shall be paid first;

(2)    Opt-In FLSA Plaintiffs shall be paid in order from the longest length of employment to the shortest length of employment during the Covered Period.

(3)    The remaining Qualified Class Members shall be paid in order from the longest length of employment to the shortest length of employment during the Covered Period.

B.    **Qualified Class Member Distribution List.**  Within 7 days after the Effective Date, the Claims Administrator will provide Defendants' Counsel and Class Counsel with a list, in electronic form, containing the following information for all Qualified Class Members (hereinafter the "Distribution Sheet"): (1) Name, most recent address, dates of employment, and rates of pay during the Covered Period; (2) whether or not the Qualified Class Member is an Opt-In FLSA Plaintiff; and (3) Individual Settlement Amount.  The Distribution Sheet shall list all Qualified Class Members in order of payment according to Section 3.6(A), and shall specify whether the Qualified Class Member will participate in the Second Distribution described in Section 3.2(B), or the Third (and Final) Distribution described in Section 3.2(C).

C.    **Notification of Final Approval**.  Within fourteen (14) days after the Effective Date, the Claims Administrator will mail to all Qualified Class Members a Notice of Final Approval of Class and Collective Action Settlement, in English and Spanish,  in the form annexed hereto as Exhibit C. If any such notices are returned to the Claims Administrator as undeliverable, the Claims Administrator will attempt one re-mailing per Class Member.

D.    The Claims Administrator shall mail settlement checks for the Named Plaintiffs to Class Counsel and shall mail settlement checks directly to all other Qualified Class Members.  The Claims Administrator shall use reasonable efforts to make an additional mailing to Qualified Class Members whose checks are returned because of incorrect addresses.

E.    Qualified Class Members will have thirty (30) days from the date the settlement checks are mailed by the Claims Administrator to redeem their settlement payments (the "Acceptance Period").  If Qualified Class Members do not redeem their settlement payment checks within the Acceptance Period, their settlement checks will be void.  If a Qualified Class Member alerts Class Counsel, Defendants' Counsel, or the Claims Administrator during the Acceptance Period that he or she has not received his or her settlement check, the Claims Administrator will, upon confirming that the settlement check in question has not been redeemed, issue a stop payment on the Qualified Class Member's original settlement check and

reissue that Qualified Class Member's settlement check.  All such reissued checks will be valid for thirty (30) days after the date of issue and will be void thereafter.

F.  Any Qualified Class Member who does not cash or redeem his or her check within the Acceptance Period shall forfeit their right to receive settlement monies from the Net Settlement Fund and these monies will revert to the Defendants.  90 days after the date on which the Defendants fund the QSF, the Claims administrator shall provide the Defendants' counsel and Class Counsel (1) bank statements for the QSF covering the 90-day period following the receipt of the settlement payment; and (2) a photocopy of each endorsed check.  Seven days after providing the bank statements and checks, the Claims administrator shall return the balance of funds remaining in the QSF to the Defendants.

3.7 **Taxability of Settlement Payments.**  Payments to Qualified Class Members and to the Named Plaintiffs shall be treated as liquidated damages and interest for which the Class Member shall be issued a tax form 1099 by Defendants at the appropriate time.  Such payments shall be made without withholding and shall be reported by the Claims Administrator to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099.

3.8 **Settlement Amounts Paid as Attorneys' Fees.**  Class Counsel will seek attorneys' fees of up to $750,000.00 in the motion for final approval and at the Fairness Hearing. Defendants will not oppose such application.

## 4.   RELEASED CLAIMS

4.1 **Released Claims.**  Except as to such rights or claims as may be created by this Agreement, each Qualified Class Member shall on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge Defendants from all New York Labor Law claims arising out of employment with Perfume Worldwide Inc. that were brought in the Litigation or that are based on the same facts and circumstances as the claims brought in the Litigation for the period from May 16, 2011 through December 31, 2018.  In addition, each Qualified Class Member who is also Opt-In FLSA Plaintiff shall on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge Defendants from all Fair Labor Standards Act claims arising out of employment with Perfume Worldwide Inc. that were brought in the Litigation or that are based on the same facts and circumstances as the claims brought in the Litigation for the period from May 16, 2011 through December 31, 2018.

4.2 **No Assignment.**  Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any interest or claim in this Litigation, or any portion thereof.

4.3 **Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied.  Likewise, by entering

13

into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement. Rather, Defendants enter into this Agreement to avoid further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

## 5.      INTERPRETATION AND ENFORCEMENT

5.1     **Cooperation Among the Parties; Further Acts.**  The Parties and their counsel will not disparage each other and shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms. Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2     **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement. However, the Parties' agreement set forth in Exhibit A survives until the settlement contemplated thereby is finally approved.

5.3     **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to the Named Plaintiffs and the Qualified Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, trustees in bankruptcy, attorneys and assigns.

5.4     **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

5.5     **Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.6     **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.7     **Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.8     **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation or enforcement of this Settlement Agreement and of the settlement contemplated thereby including, but not limited to, any claims under the anti-retaliation provisions of the FLSA or the NYLL arising out of participation in this case.

5.9     **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.10    **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its execution.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

5.11    **Facsimile/Electronic Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

PLAINTIFFS

_____          Dated:_____
NELSON CASTILLO

_____          Dated:_____
MARTA VALLADARES

_____          Dated:_____
ARACELY VALLADARES

_____          Dated:_____
CARLOS REYES

_____          Dated:_____
YOSELY ESPINAL HENRIQUEZ

_____          Dated:_____
VILMA DIAZ

Dated:

JESSICA CHICAS

DEFENDANTS

Dated:

PIYUSH GOLIA

PERFUME WORLDWIDE, INC.

Dated:

By:     Piyush Golia
Title:

DocuSign Envelope ID: 57066E0E-B9E7-42A5-A8DA-E7280F3D4C64

5.8     **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of. or related to, the interpretation, implementation or enforcement of this Settlement Agreement and of the settlement contemplated thereby including, but not limited to, any claims under the anti-retaliation provisions of the FLSA or the NYLL arising out of participation in this case.

5.9     **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.10    **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts. and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

5.11    **Facsimile/Electronic Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

PLAINTIFFS

_____     Dated: 6/7/2021
NELSON CASTILLO

_____     Dated:_____
MARTA VALLADARES

_____     Dated:_____
ARACELY VALLADARES

_____     Dated:_____
CARLOS REYES

_____     Dated:_____
YOSELY ESPINAL HENRIQUEZ

_____     Dated:_____
VILMA DIAZ

15

5.8 **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation or enforcement of this Settlement Agreement and of the settlement contemplated thereby including, but not limited to, any claims under the anti-retaliation provisions of the FLSA or the NYLL arising out of participation in this case.

5.9 **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.10 **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

5.11 **Facsimile/Electronic Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

PLAINTIFFS

|  |  |
|---|---|
| _____ | Dated:_____ |
| NELSON CASTILLO | |
| _____ | Dated: 5/25/2021 |
| MARTA VALLADARES | |
| _____ | Dated:_____ |
| ARACELY VALLADARES | |
| _____ | Dated:_____ |
| CARLOS REYES | |
| _____ | Dated:_____ |
| YOSELY ESPINAL HENRIQUEZ | |
| _____ | Dated:_____ |
| VILMA DIAZ | |

15

DocuSign Envelope ID: 88784F5F-E106-47B0-A8E3-24E18B3719AA

5.8     **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation or enforcement of this Settlement Agreement and of the settlement contemplated thereby including, but not limited to, any claims under the anti-retaliation provisions of the FLSA or the NYLL arising out of participation in this case.

5.9     **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.10    **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

5.11    **Facsimile/Electronic Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

## PLAINTIFFS

| | |
|---|---|
| _____ | Dated:_____ |
| NELSON CASTILLO | |
| | |
| _____ | Dated:_____ |
| MARTA VALLADARES | |
| _Arocely Valladares_ | |
| _____ | Dated: 5/26/2021 |
| ARACELY VALLADARES | |
| | |
| _____ | Dated:_____ |
| CARLOS REYES | |
| | |
| _____ | Dated:_____ |
| YOSELY ESPINAL HENRIQUEZ | |
| | |
| _____ | Dated:_____ |
| VILMA DIAZ | |

5.8    **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of. or related to, the interpretation, implementation or enforcement of this Settlement Agreement and of the settlement contemplated thereby including, but not limited to, any claims under the anti-retaliation provisions of the FLSA or the NYLL arising out of participation in this case.

5.9    **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure. shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.10    **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts. and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

5.11    **Facsimile/Electronic Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

## PLAINTIFFS

_____        Dated:_____
NELSON CASTILLO

_____        Dated:_____
MARTA VALLADARES

_____        Dated:_____
ARACELY VALLADARES

_____        Dated: 6/1/2021
CARLOS REYES

_____        Dated:_____
YOSELY ESPINAL HENRIQUEZ

_____        Dated:_____
VILMA DIAZ

15

5.8     **Continuing Jurisdiction.**  The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation or enforcement of this Settlement Agreement and of the settlement contemplated thereby including, but not limited to, any claims under the anti-retaliation provisions of the FLSA or the NYLL arising out of participation in this case.

5.9     **Waivers, etc. to Be in Writing.**  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.10    **When Agreement Becomes Effective; Counterparts.**  This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

5.11    **Facsimile/Electronic Signatures.**  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

PLAINTIFFS

_____          Dated:_____
NELSON CASTILLO

_____          Dated:_____
MARTA VALLADARES

_____          Dated:_____
ARACELY VALLADARES

_____          Dated:_____
CARLOS REYES

_____          Dated: 5/25/2021
YOSELY ESPINAL-HENRIQUEZ

_____          Dated:_____
VILMA DIAZ

5.8     **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation or enforcement of this Settlement Agreement and of the settlement contemplated thereby including, but not limited to, any claims under the anti-retaliation provisions of the FLSA or the NYLL arising out of participation in this case.

5.9     **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.10    **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument.

5.11    **Facsimile/Electronic Signatures.** Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

## PLAINTIFFS

_____         Dated:_____
NELSON CASTILLO

_____         Dated:_____
MARTA VALLADARES

_____         Dated:_____
ARACELY VALLADARES

_____         Dated:_____
CARLOS REYES

_____         Dated:_____
YOSELY ESPINAL HENRIQUEZ

_____         Dated: 5/25/2021
VILMA DIAZ

15

DocuSigned by:

*Jessica Chicas*

0B98139FAA0F44C...

JESSICA CHICAS

Dated: 6/8/2021

DEFENDANTS

_____

PIYUSH GOLIA

Dated: _____

PERFUME WORLDWIDE, INC.

_____

Dated: _____

By:     Piyush Golia
Title:

16