UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
NELSON CASTILLO, MARTA VALLADARES, ARACELY VALLADARES, CARLOS REYES, YOSELY ESPINAL HENRIQUEZ, VILMA DIAZ and JESSICA CHICAS individually and on behalf of all others similarly situated,

                                      Plaintiffs,        Case No. 17-cv-2972 (ST)

                    - *against* -

PERFUME WORLDWIDE INC. and PIYUSH GOLIA,

                                    Defendants.

**DECLARATION OF STEVEN J. MOSER
IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

I, Steven J. Moser, declare as follows:

    1.    I am primarily responsible for prosecuting Plaintiffs' claims.

    2.    I make this declaration in support of Plaintiffs' motion for final approval of the proposed class and collective action settlement agreement ("Settlement Agreement"), a copy of which is annexed hereto as Exhibit 1.

**PROCEDURAL HISTORY**

    3.    The procedural history of this case prior to filing the motion for preliminary approval was set forth in detail in the Declaration of Steven J. Moser in support of Plaintiff's Motion for Preliminary Approval dated August 23, 2021 (ECF No. 311).

    4.    Plaintiffs moved for preliminary approval of the proposed class and collective action settlement on August 23, 2021.  (ECF Nos. 310-314).

    5.    On March 22, 2022, the Court granted the motion for preliminary approval and set a fairness hearing for June 24, 2022. (ECF No. 315, the "Preliminary Order").

6.  The Rule 23 class preliminary certified consists of:

All employees of Perfume Worldwide Inc. who performed work as non-exempt employees between January 1, 2011 and December 31, 2018.

Preliminary Order ¶ 2.

## MAILING OF NOTICE AND RECEPTION BY THE CLASS

7.  The reception of the settlement by the class has been positive.

8.  On April 26, 2022, the claims administrator Settlement Services, Inc. ("SSI") mailed notices in English and Spanish to 1,555 class mexmbers. See Declaration of Aisha Lange, SSI's Assistant Director of Operations ("Lange Decl.") ¶¶ 1-2, 5, annexed hereto as Exhibit 2. A total of 195 original notices were returned as undeliverable. Lange Decl. ¶ 6. The claims administrator was able to obtain 80 corrected addresses and re-mailed the notice. Lange Decl. ¶ 6. In addition, 117 notices were re-mailed at the request of class members or class counsel. Lange Decl. ¶ 7.

9.  A copy of the Notice of Proposed Class and Collective Action Settlement ("Notice") mailed to the class members is annexed hereto as Exhibit 3.

10. The Notice permitted putative class members to opt-out of the settlement. See "Your Options" at 1, and "How do I exclude myself from (opt-out of) the Settlement?", at 4. The deadline for Class Members to exclude themselves from the Class was a postmark deadline of May 26, 2022. No class member has opted-out of the settlement. Lange Decl. ¶ 9.

11. The Notice prermitted putative class members to object. See "Your Options" at 1, and "Can I object to the Settlement?", at 5.The deadline for Class Members to object to the Settlement was a postmark deadline of May 26, 2022. No class member has objected to the settlement. Lange Decl. ¶ 10.

12. I have spoken with many class members. None of them expressed any opposition

to the settlement.

## SETTLEMENT AMOUNT

13. The Defendants have agreed to pay a maximum of $2,250,000.00. Sett. Agmt. § 1.16 (the "Gross Settlement Amount").

14. The Class Settlement Amount is $1,500,000.00. Sett. Agmt. §§ 1.7.

## SERVICE AWARDS

15. The Settlement Agreement provides that the Class Representatives may each seek a service award of up to $10,000.00 to be paid from the Class Settlement Amount. Sett. Agmt. § 3.3.

16. The Court should approve a $10,000.00 service award to each of the seven Named Plaintiffs ((1) Nelson Castillo, (2) Marta Valladares, (3) Aracely Valladares, (4) Carlos Reyes, (5) Yosely Espinal Henriquez, (6) Vilma Diaz and (7) Jessica Chicas).

17. The service award represents fair compensation for work performed by the representatives on behalf of the class. Over the 5-year course of this case the plaintiffs have made numerous trips to my office, furnished documents in their possession, and provided exhaustive and detailed information regarding their wages, hours, compensation and employment.

18. The Plaintiffs have been model representatives. They have maintained contact with the office, always been responsive, and have been patient over the five-year history of this case.

## CLAIMS ADMINISTRATION COSTS

19. SSI should be paid up to $37,500.00 from the Total Settlement Amount.

20. According to Section 2.1 (page 5) of the Settlement Agreement,

> The Claims Administrator shall be responsible for mailing, or otherwise providing, the notice, calculating Class Members' shares of the Net Settlement Fund as per section 3.5 "Calculation of the Distribution of the Net Settlement Fund", determining the timing of

3

the payment to Class Members, mailing the Notice of Final Approval of Class and Collective Action Settlement as per section 3.6(C), and issuing and mailing checks to Class Members as provided herein. . .The Claims Administrator's fees and any other costs incurred by the Claims Administrator, including but not limited to the costs incurred in providing including but not limited to the costs incurred in providing notice, shall be paid from the Qualified Settlement Fund.

21. The claims administrator has, to date, diligently fulfilled its obligations under the Settlement Agreement. The total fees and costs associated with the administration of the settlement have been capped at $37,500.00. This amount is fair and reasonable in light of the amount of the settlement fund, the number of class members (roughly 1,500), and the unique responsibilities of the claims administrator. More specifically, the claims administrator will mail a notice of final approval to all class members, and will administer two separate funds, each in the amount of $750,000.00, on the first and second anniversary of the effective date of the agreement. The claims administrator's duties will not be concluded until more than two years after final approval, and the claims administrator will not receive any compensation whatsoever until more than a year after final approval. Awarding claims administration fees in an amount of up to $37,500.00 to SSI is fair and reasonable considering the settlement claims administrator's extensive responsibilities, their diligence in discharging them, and the fact that SSI's actual costs and expenses may actually exceed the capped amount.

## ATTORNEYS FEES AND OUT OF POCKET COSTS

22. The Settlement Agreement provides that Class Counsel may seek attorneys' fees of up to one-third of the Gross Settlement Amount ($750,000.00). Settlement Agreement § 3.8, p. 13. Fees not approved by the Court will revert to the Defendants. Settlement Agreement § 1.27, p. 5.

23. Plaintiff's Counsel requests that the court approve attorneys' fees of one-third (1/3) of the settlement fund, or $750,000.00.                           .

24. I graduated from Fordham University School of Law in 1997 and was admitted to the bar of the State of New York the same year. I have 23 years of experience in litigation and 12 years of experience in wage and hour litigation. I am admitted to the Eastern District of New York, the Southern District of New York, the Eastern District of Michigan, the Western District of Texas and the Second Circuit Court of Appeals.

25. I work almost exclusively in prosecuting wage and hour litigation in federal and state court on behalf of aggrieved workers. I speak Spanish fluently. I am an active member of the National Employment Lawyers Association and have litigated minimum wage, overtime, prevailing wage, spread of hours, and RICO claims in the Southern and Eastern Districts of New York.

26. I have been appointed as class counsel in other wage and hour litigation in the Eastern and Southern Districts of New York, and in New York State Supreme Court including *Serrano v. Mamais Contracting Corp. and Trustees of Columbia University in the City of New York, et al.,* 12-cv-06374 (LTS)(S.D.N.Y. October 15, 2013)(ECF No. 64), *Mendez v. U.S. Nonwovens Corp.,* 314 F.R.D. 30, 35 (E.D.N.Y. 2016), *Santamaria v. Nature's Value, Inc. et al,* 15-cv-04535 (GRB)(E.D.N.Y. January 4, 2017)(ECF No. 38), *Guevara v. Sirob Imports, Inc.,* 15-cv-02895(ST)(E.D.N.Y. February 7, 2020); *Connors v. American Medical Response,* 20-cv-05046 (KHP)(S.D.N.Y. April 21, 2021)(ECF No. 32), *Sanchez-Herrera v. Quadami, et al.,* Index No. 1507/2016 (Supreme Court, Nassau County 2017), and *De Los Santos v. New Food Corp.,* 14-cv-4541(AYS). I have been described as "an experienced FLSA attorney." *Chavez v. White Post Wholesale Growers, Inc.,* 12-cv-1348 (E.D.N.Y. December 18, 7 2012)(Seybert, J.).

27. The Moser Law Firm, P.C. has represented the Plaintiffs since 2017 without any compensation.

5

28.     As of June 6, 2022 according to the billing records in our possession we have invested 1,224.40 hours in this matter, consisting of 727.90 partner hours and 496.50 paralegal hours.  Hourly fees are computed as follows:

|  | Hours | Rate | Total |
|---|---|---|---|
| Steven J. Moser | 727.9 | $450.00 | $327,555.00 |
| Paralegal | 496.5 | $125.00 | $ 62,062.50 |
| Total |  |  | $ 389,617.50 |

29.     Contemporaneous billing records are annexed hereto as Exhibit 4.

30.     All of the paralegal support staff at the Moser Law Firm, P.C. are required to have a four-year degree and be fluent in English and Spanish.

31.     The Settlement Agreement expressly permits Class Counsel to apply for reimbursement of reasonable litigation expenses and costs. § 3.4, p. 11.  According to our bookkeeping records, The Moser Law Firm, P.C. has incurred out of pocket expenses totaling $30,087.01.  A detailed statement of the out-of-pocket costs incurred is annexed to this declaration as Exhibit 5.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: Huntington, New York
         June 10, 2022

_____
Steven J. Moser