# CIVIL MINUTE ENTRY

| | |
|---|---|
| **BEFORE:** | Magistrate Judge Steven L. Tiscione |
| **DATE:** | June 24, 2022 |
| **TIME:** | 10:00 A.M. |
| **DOCKET NUMBER(S):** | CV-17-2972 (ST) |
| **NAME OF CASE(S):** | **CASTILLO ET AL. V. PERFUME WORLDWIDE INC. ET AL.** |
| **FOR PLAINTIFF(S):** | Moser |
| **FOR DEFENDANT(S):** | Catafago |
| **NEXT CONFERENCE(S):** | **See rulings below** |
| **FTR/COURT REPORTER:** | AT&T 10:03 - 10:05 |

### RULINGS FROM FAIRNESS HEARING:

Court held Final Fairness Hearing re: the proposed class settlement. No objections to the settlement were filed and no class member appeared to object at the hearing. For the reasons more fully described in the attached Order, Plaintiffs' Motion to Certify Class and for Settlement Approval [317] is granted and the case is dismissed with prejudice.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NELSON CASTILLO, MARTA VALLADARES, ARACELY VALLADARES, CARLOS REYES, YOSELY ESPINAL HENRIQUEZ, VILMA DIAZ and JESSICA CHICAS individually and on behalf of all others similarly situated,

Case No. 17-CV-02972 (ST)

Plaintiffs,

- against -

PERFUME WORLDWIDE INC. and PIYUSH GOLIA,

Defendants.

# [ORDER GRANTING MOTION FOR
# FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Based on the declaration of Steven J. Moser dated June 6, 2022 and the memorandum of law dated June 6, 2022, and the parties having appeared before the Court for a Fairness Hearing on June 24, 2022 and having received no objections to the parties' Settlement Agreement and Release submitted to the Court on August 23, 2021 ("Settlement Agreement"), Plaintiffs' motion for final approval of the parties' Settlement Agreement is GRANTED, and the Court hereby:

1. Certifies the following settlement class under Fed. R. Civ. P. 23(a) and (b)(3) for purposes of effectuating the parties' settlement:

> All employees of Perfume Worldwide Inc. who performed work as non-exempt employees between January 1, 2011 and December 31, 2018

2. Grants the Motion for Final Approval of the class settlement and collective action settlement. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court further finds that the terms of the FLSA are fair and

reasonable and consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015);

3. Finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 117 (2d Cir. 2005);

4. Finds the settlement is also substantively fair. All the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the Total Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Id.* at 463;

5. Finds that the class's reaction to the settlement was positive, as no Class Member objected to or opted-out of the settlement;

6. Grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $750,000.00 (one-third of the Gross Settlement Amount), which the Court finds to be fair and reasonable based on: (1) the number of hours worked by Class Counsel during the Litigation; (2) the results achieved on behalf of the Class; (3) the contingent nature of Class Counsel's representation; (4) the complexity of the issues raised by the Litigation; (5) a lodestar cross check; and (6) Class Counsel's recognized experience and expertise;

7. Awards Class Counsel reimbursement of their litigation expenses in the amount of $30,087.01;

8. Approves and finds the service awards for Plaintiffs Nelson Castillo, Marta Valladares, Aracely Valladares, Carlos Reyes, Yosely Espinal Henriquez, Vilma Diaz and Jessica Chicas in the amount of $10,000.00 each in recognition of the services they rendered on behalf of the class;

9. Finds reasonable the payment of the Settlement Administrator's fees in an amount of up to $37,500.00;

10. Directs the Claims Administrator to mail the final notice of approval to the Class as per the terms of the Settlement Agreement;

11. Directs the Parties and the Claims Administrator to fully comply with the terms of the Settlement Agreement, and incorporates by reference the terms thereof into this order; and

12. Dismisses this matter and Litigation in its entirety and with prejudice.

**SO ORDERED:**

__/s_____       Dated:   June 24, 2022
**Steven L. Tiscione**
**U.S. Magistrate Judge**